



## OPINION

No. 04-10-00070-CV

**IN RE K.L. & J. LIMITED PARTNERSHIP** and David **TORRES**

Original Mandamus Proceeding[1]

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                   Phylis J. Speedlin, Justice
                   Steven C. Hilbig, Justice

Delivered and Filed:  December 10, 2010

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

Relators, and defendants in the underlying case, K.L. & J. Limited Partnership and David

Torres filed a petition for writ of mandamus, complaining of: (1) the trial court's denial of their

motion to compel plaintiff Bella Viveros to answer deposition questions regarding her

citizenship and alienage status, and the authenticity of the social security number she provided;

(2) the trial court's denial of their motion to compel Viveros to amend her petition pursuant to

Texas Civil Practice and Remedies Code section 30.014; and (3) the trial court's grant of

Viveros' motion to quash notices of deposition upon written questions and the motion for

---

[1] This proceeding arises out of Cause No. 2009-CI-01327, styled *Bella Viveros v. KL & J Construction and David Torres*, pending in the 45th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.  However, the orders complained of were signed by the Honorable Gloria Saldaña, presiding judge of the 224th Judicial District Court, Bexar County, Texas.

protective order regarding Viveros' prior employment records. We conditionally grant mandamus relief in part.

## FACTUAL AND PROCEDURAL BACKGROUND

This original proceeding arises out of a lawsuit filed by Bella Viveros against her former employer, K.L. & J. Limited Partnership, and its employee, David Torres. Viveros asserted causes of action for sexual harassment, discrimination, retaliation, unlawful employment practices, sexual assault, intentional infliction of emotional distress, negligent training, and negligent supervision. During Viveros' oral deposition, relators' counsel asked Viveros a series of questions, one of which was whether or not she is a United States citizen. Viveros' counsel objected and instructed her not to answer, and the deposition was subsequently recessed. Following an off-the-record discussion, the parties agreed they would schedule a hearing to obtain a resolution of the disputed discovery issues.

Relators then filed a motion to compel, seeking to require Viveros to answer deposition questions and for her to amend her petition to include the last three digits of her social security number and the last three digits of her driver's license number pursuant to Texas Civil Practice and Remedies Code section 30.014. Specifically, relators sought to compel Viveros "to respond to questions regarding her citizenship and alienage status in the United States, and the authenticity of social security numbers utilized by Plaintiff." In addition, relators sought Viveros' employment records from various former employers in notices of deposition upon written questions. Viveros filed a motion to quash the deposition notices and sought a protective order.

On October 1, 2009, the trial court held a hearing on the motions. On October 7, 2009, the trial court's notes indicate relators' motions were denied, although it appears from the record

no order was signed. Following relators filing a motion for reconsideration and a supplemental motion for reconsideration, the trial court conducted a second hearing on November 6, 2009, and on December 1, 2009 entered orders: (1) denying relators' motion to compel, and (2) granting Viveros' motion to quash and motion for protective order. This petition for writ of mandamus ensued.[2]

## ANALYSIS

### I.  Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Relators have the heavy burden of establishing the trial court abused its discretion and that they have no adequate remedy by appeal. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A clear abuse of discretion occurs when the trial court's action is "'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)).

However, even if the relator establishes the trial court abused its discretion, the relator must still establish it has no adequate remedy by appeal. *See In re Prudential*, 148 S.W.3d at 135. Generally, a relator has no adequate remedy by appeal in a discovery context when: (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised by the erroneous discovery ruling to the extent that the party is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery which cannot be made a

---

[2] This petition for writ of mandamus was initially filed on February 1, 2010. However, we abated the original proceeding because K.L.&J. was in bankruptcy. Subsequently, the bankruptcy court lifted the stay as to this case, and this court reinstated the original proceeding on the court's docket.

part of the appellate record, thereby denying the appellate court's ability to evaluate the effect of the trial court's error. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).

### II. Answers to Deposition Questions Regarding Social Security Number

We first consider whether the trial court erred in refusing to compel Viveros to answer deposition questions regarding the authenticity of the social security number she previously provided. Relators allege the social security number Viveros provided when she applied for employment with K.L. & J. has never been issued by the United States government, and the name Bella Viveros is not associated with any person in a national name database. As a result, relators seek to have Viveros answer questions regarding the authenticity of the social security number she provided in order to conduct a background investigation, to impeach her credibility, and to determine whether the suit should be dismissed. Relators complain the information is basic discoverable information that is relevant and reasonably calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a).

In response to relators' motion to compel, Viveros failed to specifically object to the deposition questions regarding the social security number she previously provided, but at the hearing it appears she objected based on relevancy. In responding to the petition for writ of mandamus, Viveros contends relators know Viveros' identity, and this court should reject relators' contention that without the social security number relators are in the indefensible position of being sued by a complete stranger.

Generally, the scope of discovery is within the trial court's discretion. *In re CSX Corp.*, 124 S.W.3d at 152. A party is typically entitled to obtain discovery on any matter that is not privileged and is relevant to the subject matter of the pending action and appears to be reasonable

calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a). The Texas Supreme Court has consistently held that "' the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed.'" *In re Colonial*, 968 S.W.2d at 941 (quoting *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984)).

We conclude the trial court abused its discretion in not compelling Viveros to answer deposition questions regarding the social security number she previously provided. Viveros already voluntarily provided relators a social security number when she applied for employment, which relators now allege is false or non-existent. Without the ability to ask Viveros questions regarding the authenticity of the social security number she provided, relators are unable to determine her true identity or to properly investigate her background to determine whether she has made similar claims or whether she has a criminal history. As a result, we conclude the questions are relevant and reasonable calculated to lead to the discovery of admissible evidence. *See* TEX. R. CIV. P. 192.3(a). Therefore, we find the trial court clearly abused its discretion in failing to compel Viveros to answer the questions regarding the social security number she previously provided. *See In re CSX Corp.*, 124 S.W.3d at 151.

As to whether relators have an adequate remedy by appeal, relators contend that without the information, their defense has been severely compromised or vitiated to the extent that they have been effectively denied the ability to develop the merits of their case, and without the answers they cannot make a record sufficient for appellate review. *See In re Colonial*, 968 S.W.2d at 941. We conclude relators do not have an adequate remedy by appeal because without the answers to deposition questions regarding the authenticity of the social security number Viveros previously provided, relators' defense will be severely compromised or vitiated because

relators will be effectively denied the ability to develop the merits of their case because they are prevented from properly investigating Viveros' true identity and her background. *Id*. Therefore, mandamus relief on this issue is appropriate.

### III.  Answers to Deposition Questions Regarding Citizenship and Alienage Status

With regard to the deposition questions regarding Viveros' citizenship and alienage status, we conclude relators failed to meet their burden in establishing they have no adequate remedy by appeal. *Id.*  As a result, it is not necessary for us to consider whether the trial court abused its discretion.

"The requirement that persons seeking mandamus relief establish the lack of an adequate remedy is a 'fundamental tenet' of mandamus practice."  *Walker*, 827 S.W.2d at 840.  Relators globally argue to this court that without all of the answers to the deposition questions they sought, their defense will be severely compromised or vitiated because they need the answers to impeach Viveros' credibility, conduct a background investigation, cross-examine her, and to determine whether the suit should be dismissed.  However, relators provide no specifics as to how Viveros' citizenship or alienage status will aid their defense in each of these areas.  Unlike a social security number, which provides identifying information on an individual, we cannot conclude that the inability to obtain information regarding a party's citizenship or alienage status severely compromises their defense.  *See In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998); *In re Colonial*, 968 S.W.2d at 941.

Relators also contend that due to the trial court's failure to order Viveros to answer the deposition questions, the discovery cannot be made a part of the appellate record, and, therefore this court will not have the ability to evaluate the effect of the trial court's error.  However, relators provide no specific argument as to what evidence might have been disclosed, if

discovery regarding Viveros' citizenship or alienage status had been allowed, that would prevent this court from being able to fully review the issue. *Id.* Therefore, we conclude relators have failed to establish they do not have an adequate remedy by appeal as to the trial court's failure to compel Viveros to answer deposition questions regarding her citizenship and alienage status. *See In re Colonial*, 968 S.W.2d at 941. According, we deny mandamus relief on this ground.

### IV. Amendment of Petition to Include Social Security Number Pursuant to TEX. CIV. PRAC. & REM. CODE § 30.014

Relators further contend the trial court erred in not requiring Viveros to amend her petition to include the last three digits of her social security number pursuant to Texas Civil Practice and Remedies Code Section 30.014. Section 30.014 provides as follows:

> (a) In a civil action filed in a district court, county court, or statutory county court, each party or the party's attorney shall include in its initial pleading:
> (1) the last three numbers of the party's driver's license number, if the party has been issued a driver's license; and
> (2) the last three numbers of the party's social security number, if the party has been issued a social security number.
> (b) A court may, on its own motion or the motion of a party, order that an initial pleading be amended to contain the information listed under Subsection (a) if the court determines that the pleading does not contain that information. A court may find a party in contempt if the party does not amend the pleading as ordered by the court under this subsection.

TEX. CIV. PRAC. & REM. CODE § 30.014 (West 2008).

Relators conclude the trial court was mandated to require Viveros to amend her petition because the statute provides that "each party or the party's attorney *shall*" include the last three numbers of the party's social security number on the petition. *Id.* We conclude the trial court did not abuse its discretion in failing to order Viveros to provide the last three digits of her social security number on the front of her petition. The statute makes it clear the court *may* order a party to amend its petition, but it does not mandate that the court do so. *Id.* § 30.014(b).

Furthermore, relators fail to address how they lack an adequate remedy by appeal regarding the trial court's failure to require Viveros to amend her petition to include the last three digits of her petition. Accordingly, we deny mandamus relief on this ground.

### V. Employment Records

Finally, relators assert the trial court erred in granting Viveros' motion to quash and motion for protective order with regard to the employment records relators sought in the notices of deposition upon written questions. In the requests, relators sought the following:

> Any and all personnel records, payroll records, including but not limited to W-2 forms, 1099 forms, business records, applications for employment, time sheets, files, resumes, pre-employment screening/testing forms, questionnaires, and results, employment physical examination reports, medical records, attendance records, evaluation reports, training manuals, reprimands, insurance records, benefits, injury reports, workers' compensation records, correspondence to or from any other person/entity, or any other information, letters and other writings, instruments and/or documents of any and every kind or character whatsoever which pertains to: Bella Viveros.

Viveros objected to the discovery of the employment records, asserting the records were: (1) personal, (2) confidential, (3) irrelevant, and (4) immaterial.

At the November 6, 2009 hearing, relators' counsel argued the employment records are relevant and discoverable because the records would allow relators to determine whether Viveros had any prior performance issues or whether she made similar allegations of sexual misconduct. In response, Viveros' counsel admitted to the trial court— "I don't have a problem with them going back and getting employment records and asking for any claims she's ever made of sexual harassment, for any claims she's ever made of discrimination, of anything having to do with claims she may have made, because that's relevant to this cause of action." However, with regard to the payroll records and any other kind of records pertaining to her employment,

Viveros' counsel objected at the hearing based on relevancy. Towards the conclusion of the hearing, relators' counsel stated, "I will attempt to work with Javier on that then to fashion something in the spirit of what the judge just said. And we have, I think, developed a relationship where we have been able to work in that regard." It is apparent from the record the parties agreed there was some relevant information sought in the deposition notices, and that the parties would work together to come to an agreement. However, the trial court summarily denied the request by granting Viveros' motion to quash and motion for protective order, rather than allowing the parties to come to an agreement or conduct a full hearing to consider what, if any, information was discoverable. *See* TEX. R. CIV. P. 192.6(b) (allowing the trial court to enter a protective order that the requested discovery not be sought in whole or in part).[3]

When granting a protective order, the trial judge may exercise some discretion, but that discretion is not without bounds. *See In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). Texas Rule of Civil Procedure authorizes a trial court to grant an order of protection, "[t]o protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights." TEX. R. CIV. P. 192.6(b). However, "[a] party seeking a protective order 'must show particular, specific and demonstrable injury by facts sufficient to justify a protective order.'" *See In re Collins*, 286 S.W.3d at 919 (quoting *Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990)).

The only arguments made by Viveros' counsel at the hearing were that some of the information sought was not relevant. Furthermore, while Viveros' motion for protective order alleged the information sought was personal, confidential, irrelevant, and immaterial, at no point

---

[3] While Viveros entitled her motion "Plaintiff's Motion to Quash Deposition Notice and Motion for Protective Order," Rule 176.6 does not provide a party the remedy of seeking a motion to quash, but instead allows a party to object and/or seek a protective order. *See* TEX. R. CIV. P. 176.6(d)-(e); TEX. R. CIV. P. 177a (repealed 1999) (formerly allowing a court to quash a subpoena for production of documentary evidence).

in the motion or at the hearing did Viveros specifically argue how her personal rights were being invaded, nor did she show a particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Id.* Therefore, we find Viveros failed to meet her burden to establish a protective order was necessary to provide her protection under the provisions of Rule 192.6(b). As a result, we conclude the trial abused its discretion in granting the motion for protective order.[4]

Furthermore, we conclude relators do not have an adequate remedy by appeal regarding the employment records that the parties, at least in part, agreed were properly discoverable. Relators' defense will be severely compromised or vitiated because relators have been effectively denied the ability to develop the merits of their case in this sexual harassment and employment discrimination suit by not being able to discover documents both sides agreed were in part relevant. *See In re Colonial*, 968 S.W.2d at 941. Therefore, we grant mandamus relief on this ground.

## CONCLUSION

We conditionally grant in part the petition for writ of mandamus and order the trial court to: (1) withdraw in part its December 1, 2009 order denying relators' motion to compel answers to deposition questions as it pertains to questions regarding the authenticity of the social security number Viveros previously provided; (2) enter an order compelling Viveros to answer deposition questions regarding the authenticity of the social security number she previously provided; and (3) withdraw the December 1, 2009 order Viveros' motion to quash and motion

---

[4] Our opinion in no way limits the parties' ability to request a hearing from the trial court so that a determination can be made as to what information in whole or in part is relevant to the case.

for protective order regarding the employment records. The writ will issue only if the trial court fails to comply with this opinion within fourteen days.

Karen Angelini, Justice