Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00202-CV

**IN RE** Paul **JONES**

Original Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 23, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On March 18, 2011, relator filed a petition for writ of mandamus and a motion to stay the trial court proceedings. Relator complains the trial court erred (1) in finding the discovery propounded on real party in interest untimely and ordering that real party in interest was not required to respond, and (2) in excluding documents produced in response to subpoenas served on AT&T and Sprint Nextel Corp. However, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Generally, a relator has no adequate remedy by appeal in

---

[1] This proceeding arises out of Cause No. 336742, styled *Paul Jones v. Pozzi Enterprises, Inc. d/b/a Border Construction Services*, *et al*., pending in the County Court at Law No. 3, Bexar County, Texas, the Honorable David J. Rodriguez presiding. However, the order complained of was signed by the Honorable Irene Rios, presiding judge of County Court at Law No. 10, Bexar County, Texas.

a discovery context when: (1) the appellate court would not be able to cure the trial court's discovery error; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised by the erroneous discovery ruling to the extent that the party is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the appellate court's ability to evaluate the effect of the trial court's error. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998); *In re K.L. & J. L.P.*, No. 04-10-00070-CV, 2010 WL 5176846, at *2 (Tex. App.—San Antonio Dec. 10, 2010, orig. proceeding). While relator correctly lays out the adequate remedy by appeal standard, he fails to provide any analysis as to why he has no adequate remedy by appeal. Therefore, because relator has failed to establish he does not have an adequate remedy by appeal, the petition for writ of mandamus and the motion to stay are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM