



# MEMORANDUM OPINION

No. 04-11-00343-CV

**IN RE** Paul **JONES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                  Rebecca Simmons, Justice
                  Marialyn Barnard, Justice

Delivered and Filed:  May 25, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On May 16, 2011, relator filed a petition for writ of mandamus and a motion for temporary relief. Relator complains the trial court erred by excluding documents produced in response to subpoenas served on AT&T and Sprint Nextel Corp. based on a finding that the requests were untimely. However, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). Generally, a relator has no adequate remedy by appeal in a discovery context when: (1) the appellate court would not be able to cure the trial court's

---

[1] This proceeding arises out of Cause No. 336742, *Paul Jones v. Pozzi Enterprises Inc. d/b/a Border Construction Services*, pending in the County Court at Law No. 3, Bexar County, Texas, the Honorable David J. Rodriguez presiding. However, the order complained of was signed by the Honorable Irene Rios, presiding judge of the County Court at Law No. 10, Bexar County, Texas.

discovery error; (2) the party's ability to present a viable claim or defense is vitiated or severely compromised by the erroneous discovery ruling to the extent that the party is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery which cannot be made a part of the appellate record, thereby denying the appellate court's ability to evaluate the effect of the trial court's error. *See In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998); *In re K.L. & J. L.P.*, No. 04-10-00070-CV, 2010 WL 5176846, at *2 (Tex. App.—San Antonio Dec. 10, 2010, orig. proceeding). Relator contends the trial court's ruling has vitiated his defense to real party in interest Pozzi Enterprises Inc.'s counterclaim for breach of contract. However, we conclude relator failed to meet his burden of establishing that his ability to defend against the counterclaim has been vitiated to the extent that he has been effectively denied the ability to develop the merits of his case. *See Colonial*, 968 S.W.2d at 941. Accordingly, the petition for writ of mandamus and the motion for temporary relief are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM