

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-20-00214-CV

John E. **VOGT** and Nelda L. Vogt,
Appellants

v.

Derra **EDWARDS**,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 06-150
Honorable Solomon Casseb III, Judge Presiding[1]

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: July 28, 2021

DISMISSED FOR WANT OF JURISDICTION

John and Nelda Vogt appeal a postjudgment order releasing Derra Edwards from a final

judgment and cancelling a lis pendens. Edwards has filed a motion to dismiss this appeal for want

of appellate jurisdiction, arguing the order is not appealable. Considering the motion, response,

and the appellate record before us, we agree the order is not appealable. We grant Edwards's

---

[1] The Honorable Kirsten B. Cohoon is the presiding judge of the 451st Judicial District Court. The Honorable Solomon Casseb III, sitting by assignment, signed the complained of order.

motion and dismiss this appeal for want of jurisdiction, and we deny the Vogts' alternative request for mandamus relief.

## BACKGROUND

In 2006, the Vogts sued Trada Partners for developing residential property in interference with the Vogts' easement rights. Over the course of the litigation, the Vogts added numerous other defendants, including Edwards and other individuals to whom Trada Partners had sold "housing units." During the trial court proceedings, the Vogts obtained a temporary injunction. In an appeal to this court, we reversed and rendered an order dissolving the temporary injunction. *See Trada Partners VI, LP v. Vogt*, No. 04-06-00723-CV, 2007 WL 163181, at *1–2 (Tex. App.—San Antonio Jan. 24, 2007, no pet.) (mem. op.).

In 2010, the trial court rendered a final judgment, issuing a permanent injunction and awarding the Vogts damages and attorney's fees. The final judgment was also appealed, and we affirmed. *Marin Real Estate Partners, L.P. v. Vogt*, 373 S.W.3d 57, 65 (Tex. App.—San Antonio 2011, no pet.). There have been many other postjudgment proceedings in the trial court. The Vogts appealed a postjudgment order regarding the issuance of demolition permits and, after we issued a show cause order questioning our jurisdiction, we granted the Vogts' motion to voluntarily dismiss their appeal. *Vogt v. Marin Real Estate Partners*, No. 04-15-00636-CV, 2016 WL 320345, at *1 (Tex. App.—San Antonio Jan. 27, 2016, no pet.) (mem. op.) (per curiam).

In 2019, Edwards and fourteen other defendants filed a postjudgment motion seeking various types of relief. The motion asked the trial court to order the Vogts to expunge capiases and cease harassment of the defendants and to enforce another postjudgment order. The motion also requested that the trial court decree the final judgment fully released as to all defendants. Alternatively, as to Edwards alone, the motion requested that the trial court release a judgment

lien, cancel an abstract of judgment, release a notice of lis pendens, and order the Vogts to execute and record a full release in the county property records.

The Vogts filed a response opposing the motion. At a hearing, the trial court ruled that it would grant the defendants' motion in part and as to Edwards only, and it withheld a ruling as to the other parties and ordered them to mediate. The trial court then signed an order finding that Edwards had fully satisfied the 2010 final judgment and complied with the permanent injunction, released Edwards from further obligations under the final judgment, and cancelled the lis pendens as to Edwards's property.

The Vogts appealed. Before briefing on the merits, Edwards filed a motion to dismiss, arguing we lacked jurisdiction because the order was not appealable. The Vogts filed a response, and we ordered the motion carried with the appeal and to be decided upon submission. The parties filed their briefs, and this case has been submitted. We begin by addressing Edwards's motion to dismiss, which concerns our appellate jurisdiction.

### APPELLATE JURISDICTION

"The Texas Constitution vests the courts of appeals with jurisdiction over appeals from district and county courts, 'subject to any restrictions and regulations prescribed by law.'" *In re Commitment of Black*, 594 S.W.3d 590, 592 (Tex. App.—San Antonio 2019, no pet.) (quoting *Tex. Dep't of Pub. Safety v. Barlow*, 48 S.W.3d 174, 176 (Tex. 2001)) (citing TEX. CONST. art. V, § 6(a)). "The legislature has limited the constitution's general jurisdictional grant in civil cases to appeals from final judgments of the district or county courts in which the judgment or amount in controversy exceeds $250." *Id.* at 592–93. "We have appellate jurisdiction over other judgments and orders (ones that are not final or in which the amount in controversy requirement is not satisfied) only when the legislature has enacted a specific statutory authorization." *Id.* at 593.

Generally, "[t]here can be only one final judgment in a cause." *Anderson v. Teco Pipeline Co.*, 985 S.W.2d 559, 562 (Tex. App.—San Antonio 1998, pet. denied).

> [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001). A judgment rendered after a conventional trial on the merits is presumed to be a final judgment. *Id.* at 199.

> Most post-judgment orders made to carry into effect or enforce a judgment are not appealable because these orders are not themselves a final judgment or an order for which an appeal is statutorily authorized. At least one narrow exception exists for orders that operate like a mandatory injunction resolving property rights. But this exception does not encompass most orders made to aid in the collection of a money judgment.

*Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2–3 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citations omitted). Such "post-judgment orders may be appealed as final orders if the order disposes of all matters placed before the court." *Reed v. State*, 269 S.W.3d 619, 623 (Tex. App.—San Antonio 2008, no pet.).

Here, the trial court rendered a final judgment in 2010. The final judgment was appealed to this court, and we affirmed in 2011. The 2019 order granting relief, in part, to Edwards cannot be considered a final judgment because the final judgment in the case was rendered in 2010. But, even if we were to consider the postjudgment order as it relates to the pending requests for relief in the trial court, the order does not dispose of all parties and requests for relief in the defendants' postjudgment motion. Furthermore, "[a]n order cancelling a lis pendens is neither a final judgment nor an interlocutory order made immediately appealable by statute." *Philipps v. Jackson*, No. 07-21-00027-CV, 2021 WL 728336, at *1 (Tex. App.—Amarillo Feb. 24, 2021, no pet.) (mem. op.) (per curiam) (citing authorities from several other courts of appeals). The appealed order releases

Edwards from the final judgment and cancels a lis pendens, but no part of the order is injunctive. We conclude that the order is not appealable and that we lack appellate jurisdiction. *See Sunnyland Dev.*, 597 S.W.3d at 3.

**ALTERNATIVE REQUEST FOR MANDAMUS RELIEF**

The Vogts alternatively request, if we conclude we lack appellate jurisdiction, that we grant mandamus relief. "In certain situations, an interlocutory appeal may be treated as a petition for writ of mandamus." *Wagner v. Apache Corp.*, No. 19-0243, 2021 WL 1323413, at *7 n.4 (Tex. Apr. 9, 2021) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011)). The supreme court has not identified the "certain situations" in which an appeal may be treated as a petition for writ of mandamus, but we will assume without deciding that this appeal may be treated as a mandamus petition.

"Mandamus is an extraordinary remedy requiring the relator to show that (1) the trial court abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re USAA Gen. Indem. Co.*, No. 20-0281, 2021 WL 2483767, at *3 (Tex. June 18, 2021) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding)). "Relators have the heavy burden of establishing the trial court abused its discretion and that they have no adequate remedy by appeal." *In re K.L. & J. Ltd. P'ship*, 336 S.W.3d 286, 290 (Tex. App.—San Antonio 2010, orig. proceeding).

As to the first requirement, the Vogts argue that the trial court abused its discretion by modifying the final judgment. In their notice of appeal, the Vogts sought to challenge "the Order Granting Defendant's Motion for Release of Plaintiffs' Judgment Against Defendant, Derra Edwards and Release, Cancellation, and Removal of the Lis Pendens on the Real Property and Improvements of Derra Edwards signed on March 11, 2020." The March 11, 2020 order merely

releases the judgment against Edwards and cancels a lis pendens. It does not purport to modify the final judgment.

As to the second requirement, "[t]he operative word, 'adequate', has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Prudential*, 148 S.W.3d at 136.

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.
>
> This determination is not an abstract or formulaic one; it is practical and prudential. It resists categorization . . . ."

*Id.*

A relator does not lack an adequate remedy by appeal merely because an order or ruling is not appealable. *See id.* (noting the test for the adequacy of an appellate remedy resists categorization and is not rigid); *In re Huffman*, No. 04-06-00146-CV, 2006 WL 778507, at *1 (Tex. App.—San Antonio Mar. 29, 2006, orig. proceeding) (mem. op.) ("A writ of mandamus is not a substitute for an appeal . . . ."). Otherwise, every trial court ruling would be reviewable either as a mandamus or an appeal, which would "unduly interfere[] with trial court proceedings, distract[] appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and add[] unproductively to the expense and delay of civil litigation." *Prudential*, 148 S.W.3d at 136. Our authority to issue writs of mandamus, like permissive appeals, is an exception to the final judgment rule that "provides a

mechanism for appellate review [without a] final judgment in some circumstances." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). As a result, utilizing these discretionary procedures must be weighed against "[t]he purposes of the final judgment rule . . . to avoid piecemeal litigation, to promote judicial efficiency, and to defer to the decisions of the trial court." *Id.* (quoting *Hernandez v. Ebrom*, 289 S.W.3d 316, 322 (Tex. 2009) (Jefferson, C.J., dissenting)). The final judgment rule preserves "[c]onsistency, finality, and judicial economy . . . so that appellate courts . . . decide issues on a full record, do not unnecessarily delay the underlying trial, avoid futility, and consider all issues in a single round of review." *See id.*

The Vogts do not argue why their challenge to the trial court's order is appropriate for mandamus review. *See* TEX. R. APP. 38.1(i), 52.3(h). This is the fourth appeal arising out of this litigation, which has been ongoing since 2006. The challenged postjudgment order granted relief, in part, to one of fifteen defendants. There are numerous unresolved requests for relief in the trial court relating to the defendants' motion. Reviewing the Vogts' appeal as a mandamus—and separately from all the other issues still pending in the trial court—would invite further piecemeal litigation that prevents us from considering all issues in a single round of review, which would undermine judicial efficiency and add unproductively to the expense and delay of this litigation. *See Sabre Travel Int'l*, 567 S.W.3d at 730; *Prudential*, 148 S.W.3d at 136. We conclude that the detriments of mandamus review under these circumstances outweigh the benefits.

## CONCLUSION

Because the challenged order is not appealable, we grant Edwards's motion to dismiss and dismiss this appeal for lack of appellate jurisdiction. Furthermore, the Vogts have not met their heavy burden to show the requirements for mandamus relief. We therefore deny the Vogts' alternative request for mandamus relief.

Patricia O. Alvarez, Justice