**FILED**

September 15, 2025

Fifteenth Court of Appeals
Christopher A. Prine
Clerk of Court

ACCEPTED
15-25-00044-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 10:07 PM
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/10/2025 10:07:26 PM
CHRISTOPHER A. PRINE
Clerk

**No. 15-25-00044-CV**

# In The Fifteenth Court of Appeals at Austin, Texas

**UGALAHI OFFOBOCHE,**
Appellant,
V.

**COLLIN COUNTY, TEXAS, COLLIN COUNTY SHERIFF'S DEPUTIES MOUNGER, WATSON, AND MCMILLAN AND FORMER COLLIN COUNTY DEPUTY CONSTABLE RUMSFIELD**
Appellees.

On appeal from the 429th Judicial District Court, Collin County, Texas
Cause No. 429-08578-2024, The Honorable Jill Willis, Presiding

## APPELLANT'S CORRECTED (AMENDED) BRIEF

**U. A. C. OFFOBOCHE LAW FIRM**

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche
State Bar No. 24068619
675 Town Square Blvd., Bldg. 1A, Ste. 200,
Garland, TX 75040
Ph: 469-315-0358
Fax: 214-853-5708
ugy@uacoffobochelaw.com
**PRO SE APPELLANT**
**UGALAHI OFFOBOCHE**

ORAL ARGUMENT IS NOT REQUESTED

## IDENTITIES OF PARTIES AND COUNSEL

**PARTIES**

**COUNSEL**

UGALAHI OFFOBOCHE
NONPARTY AT THE TRIAL
COURT/APPELLANT

UGALAHI OFFOBOCHE, PRO SE
U.A.C. OFFOBOCHE LAW FIRM
675 TOWN SQUARE BLVD.,
BLDG. 1A, SUITE 200,
GARLAND, TEXAS 75040
TEL: (469) 315 0358
FAX: (214) 853 5708
ugy@uacoffobochelaw.com
ATTORNEY APPELLANT

AND

COLLIN COUNTY, TEXAS
DEPUTIES MOUNGER,
WATSON, MCMILLAN, AND
DEPUTY CONSTABLE
RUMSFIELD
NONPARTY AWARDEE
AND PLAINTIFFS AT THE
TRIAL COURT

ROBERT J. DAVIS
KYLE T. BARRY
MATTHEWS, SHIELDS, KNOTT, EDEN,
DAVIS & BEANLAND, L.L.P.,
8131 LBJ FREEWAY., SUITE 700,
DALLAS, TEXAS 75251
TEL: (972) 234 3400
FAX: (972) 234 1750
bdavis@mssattorneys.com
kbarry@mssattorneys.com
ATTORNEYS FOR APPELLEES

# TABLE OF CONTENTS

Title Page

Identities of Parties and Counsel……………………………………………………...2

Table of Contents……………………………………………………………………...3

Index of Authorities…………………………………………………………………...6

Record references and abbreviations…………………………………………………9

Statement of the Case………………………………………………………………..10

Statement Regarding Oral Argument………………………………………………..12

Statement of Issues Presented...……………………………………………………..12

Statement of Relevant Facts ...………………………………………………………13

    I.      At the 193rd in November 2024………………………………………13

    II.     At the 429th in November 2024………………………………………14

          (1) Alleged requests for information and records………………………17

          (2) Alleged reasons to quash the subpoena……………………………...19

          (3) The unsubstantiated Motion for Protective Order…………………...20

          (4) Alleged Rule 192.6(b) right to Nonparty-Collin County's attorney's fees……………………………………………………………………...23

    III.    The Browns' Rule 176.8 Motion to Compel at the Issuing 193rd Court..24

    IV.    Contents and Appellees' Response to Motion to Compel Compliance with Trial Subpoena filed at the 193rd trial court………………………25

    V.     Supplement to Motion to Quash, Request for Issuance of Protective Order, and Award of Collin County's Attorney's fees…………………26

    VI.    The Motion for Sanctions…………………………………………….30

VII. The Hearing…………………………………………………………………..33

VIII. Judgment: the 429th's findings………………………………………………34

Summary of Argument………………………………………………………………37

Law and Argument…………………………………………………………………...38

Part I: PART I:    THE 429TH COURT ABUSED HER DISCRETION BY
MAKING FINDINGS WITH INSUFFICIENT
EVIDENCE………………………………………………………38

   A. Standard of Review………………………………………………………..38

   B. Trial Subpoena jurisdiction of the 193rd vs. 429th Courts………………....39

      (i)    Trial subpoenas are treated differently from discovery subpoenas
under Rule 176…………………………………………………..39

      (ii)    The 429th assumed jurisdiction based on a false assertion of improper
service of subpoena even though there is unrebutted prima facie
evidence to support a presumption of proper service on the record..43

      (iii)    Rules 176.6 and 176.7 authorize protective orders against the party
causing the subpoena to issue and not the party's attorney………...45

   C. There is insufficient evidence to support the protective order as to
privilege……………………………………………………………………49

   D. The procedures under Tex. Civ. Prac. & Rem. Code §30.006 do not apply to
trial subpoena……………………………………………………………57

   E. There is insufficient evidence on the record to support the finding of undue
burden, expense and harassment…………………………………………..60

Part II: THE ORDER FOR SANCTIONS IS UNWARRANTED………………..64

   A. Standard of Review………………………………………………………......64

B. No Statute or Rule permits the recovery of attorney's fees in this case……64

C. No evidence of bad faith and significant interference with a core judicial function of the Court…………………………………………………….66

Conclusion………………………….………………………………………...75

Prayer…………………………………………………………………………...75

Certificates

    Certificate of Compliance………………………………………………77

    Certificate of Service……………………………………………………77

# INDEX OF AUTHORITIES

**Cases**

*Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) ..............................64

*Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 250 (Tex. App.—Austin 2016, no pet.). .....................55

*Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) ......................................50

*Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020). .........................66, 67, 68

*Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 718-19 ......................................... 68, 75

*C.G. Giffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex.1985) ...................................57, 58, 59

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ............................................................67

*Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004) ..................................................64

*City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000) (plurality op.)......................57

*City of Wilmer v. Laidlaw Waste Sys., Inc.,* 890 S.W.2d 459, 467 (Tex. App.—Dallas 1994), *aff'd,* 904 S.W.2d 656, 660-61 (Tex. 1995). ......................................................................53

*Cosgrove v. Grimes*, 774 S.W.2d 662, 664-65 (Tex. 1989) ...........................................68, 71, 73

*Dallas Central Appraisal Dist. v. Seven Investment Co.,* 835 S.W.2d 75, 77 (Tex.1992)........................65

*Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 194 (Tex. App.—Texarkana 2011, no pet.) .......... 67, 74

*Dike*, 343 S.W.3d at 191.........................................................................................71

*Dr. Pepper v. Davis*, 745 S.W.2d 470, 471 (Tex. App.—Austin 1988, orig. proceeding) ................ 40, 48

*Elkins v. Stotts-Brown*, 103 S.W.3d 664, 669 (Tex. App.—Dallas 2003, no pet.) ................................68

*Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 52 n.7 (Tex. 1998)..............................................43

*First City Bank—Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984)....................................65

*Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009)..............................57

*Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)..................................................... 64, 70

*Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.).............................52, 55, 62

*Grass v. Golden*, 153 S.W.3d 659, 663 (Tex. App.—Tyler 2004, orig. proceeding) .................52, 55, 62

*In re Bennet*, 960 S.W.2d at 36-37 ...........................................................................73

*In re Bennett*, 960 S.W.2d 35, 39 (Tex. 1997) ...............................................................69

*In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) ......................................................66, 68, 70

*In re Berrenberg*, 605 S.W.3d 922, 927 (Tex. App.—El Paso 2020, orig. proceeding) ................... 38, 63

*In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding) ............................50, 51, 56, passim

*In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d 218, 225 (Tex. 2004, orig. proceeding) .......... 51, 53

*In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 223 ........................................51, 56, 57

*In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 224 .................................................51

*In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 226. ...............................................51

*In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 159–60 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding)....................................................................................40, 48, 49

*In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024)................................................................................................41, 46, 47

*In re K.L. & J. Ltd P'ship*, 336 S.W.3d 286, 294 (Tex. App.—San Antonio, 2010) (orig. proceeding)....52

*In re K.L. & J. Ltd. Partnership*, 336 S.W.3d at 293 ................................................... 63, 64

*In re Memorial Herman Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015, orig. proceeding)...........50, 54, 55

*In re Memorial Herman Hosp. Sys.*, 464 S.W.3d at 695 and 698.........................................54

*In re National Lloyds Ins. Co.*, 532 S.W.3d 794, 804 (Tex. 2017, orig. proceeding). ...........................51

*In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 636-37 (Tex. App.—El Paso, 2016)(orig. proceeding).....63

*Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) ...................................... 49, 50

*Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 648-649 (Tex. 1985)...........................................51

*Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.—Austin 2002, pet. denied)...........67, 70, 71, 72, 73

*Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 804 (Tex. 1974)...............................................65

*Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 510 (Tex. App.—Corpus Christi 1992, no writ)...................67

*Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex.2010). ...............................................58

*Martin v. Ventura*, 493 S.W.2d 336, 338–39 (Tex. Civ. App.—Tyler 1973, no writ)................43, 44, 45

*Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990) ....................................................................61

*McWhorter v. Sheller*, 993 S.W.2d 781 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ......... 67, 69

*Medlin v. King*, 705 S.W. 3d 267, 285 (Tex. App. —El Paso 2024) ............................... 39-40, 41,46-47

*Monsanto v. Davis*, 25 S.W.3d 773, 781 (Tex. App.—Waco 2000, pet. dism'd w.o.j.) ........................43

*New Amsterdam Cas. Co. v. Texas Indus.,* 414 S.W.2d 914, 915 (Tex. 1967).......................................64

*Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ) .............. 67, 70

*Pearson v. Stewart*, 314 S.W.3d 242, 248 (Tex. App.—Fort Worth 2010, no pet.) ...............................68

*Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) .........................................................44

*Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex.2011) 57

*Roadway Exp.*, 447 U.S. at 767. ...........................................................................................................67

*Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) ................................................................. 66, 67

*Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied)........................ 68, 74

*Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484-85 (Tex. 2019) ..................64

*Ryals v. Canales*, 767 S.W.2d 226, 229 (Tex. App.—Dallas 1989, orig. proceeding) ..........................51

*Sauve v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd)...........................................44

*TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913,917 (Tex. 1991)...................................49

*University of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961) ...........................................................43

*Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex. 1962)...............................................................65

*Zuehl Land Dev., LLC v. Zuehl Airport Flying Cmty. Owners Ass'n, Inc.*, 510 S.W.3d 41, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ...............................................................................68

*Zuehl Land Dev., LLC*, 510 S.W.3d at 54 ....................................................................................... 68, 74

## Statutes

Tex. Civ. Prac. & Rem. Code §30.006(c)...............................................................................................18

Tex. Civ. Prac. & Rem. Code §30.006(c)(1)(B) and (2)................................................................... 56, 57

Tex. Civ. Prac. & Rem. Code §30.006(c)(2) .........................................................................................57

Tex. Gov't Code §552.108(c)....................................................................................................13, 21, 54

Tex. Gov't Code §30.006(d)........................................................................................................... 57, 58

## Rules

Tex. R. Civ. P. 176.6(a), 176.6(f), 176.3, 176.7 ...................................................................................46

Tex. R. Civ. P. 176.1(g) .................................................................................................................. 31, 72

Tex. R. Civ. P. 21a .................................................................................................................................73

Tex. R. Civ. P. 176.6(a), 176.6(f), 176.8................................................................................................70

Tex. R. Civ. P. 176.3(b) ................................................................................................ 38, 55, 57, 58

Tex. R. Civ. P. 176.4(a)...........................................................................................................................46

Tex. R. Civ. P. 176.4(b) ............................................................................7, 12, 39

Tex. R. Civ. P. 176.5(a)...........................................................................................15

Tex. R. Civ. P. 176.6(a), 176.6(f), 176.7.......................................................... 45, 47

Tex. R. Civ. P. 176.6(e)........................................................ 15, 33, 41, 74, passim

Tex. R. Civ. P. 176.6(e) and 192.6 .........................................................................15

Tex. R. Civ. P. 176.6(f) ...........................................................................39, passim

Tex. R. Civ. P. 176.7.......................................................................................... 45, 59

Tex. R. Civ. P. 192.3.................................................................................................48

Tex. R. Civ. P. 192.6(a).............................................................................................49

Tex. R. Civ. P. 192.6(b) ............................................................................................60

Tex. R. Civ. P. R. 192.6(b)(1)-(5)............................................................................64

Tex. R. Civ. P. Rule 176.3(b) ...................................................................................40

Tex. R. of Civ. P. 176.6(a) and 176.7 ......................................................................44

# RECORD REFERENCES AND ABBREVIATIONS

In this brief, the following record citation forms and abbreviations will be used:

1. The Clerk's record will be cited as CR.1 for (Volume).(Page)

2. The provisions in the Judgment will be cited from the clerk's record as CR.1(1) for (Volume).(Page)(findings)

3. The first volume of the Reporter's record will cited as RR.1 for (Volume).(Page)

4. The second volume of the Reporter's record will be cited as 2RR.1 for (Volume).(Page).

5. The third volume of the Reporter's record will be cited as 3RR.1 for (Volume).(Page).

6. The 193rd Judicial District Court in Dallas County, Texas will be referenced as 193rd.

7. The 429th Judicial District Court in Collin County, Texas will be referenced as 429th.

8. Any reference to the Texas Attorney General will be abbreviated as AG

9. "Davis" is a reference to Appellees' counsel Robert Davis at the 429th.

## STATEMENT OF THE CASE

**Nature of the Case**

In pending cause number DC-20-18978 before the 193rd in Dallas County, Texas ("the trial court"), Appellant's clients, Edward and Robin Brown, as Plaintiffs, sued Crow-Billingsley Air Park Ltd and Tango Thirty One Aero Clube, Inc., defendants, seeking damages from defendants under the Theft Liability Act, the Fraudulent Lien Statute, for fraud and conversion. CR.42. Trial subpoena issued by Appellant as an <u>officer</u> of the 193rd in Dallas County, Texas pursuant to Tex. R. Civ. P. 176.4(b) commanding the presence of the named officers to appear and testify about the crime of theft which they investigated. CR.42, 47, 53, 59, 64. Deputy Watson received <u>personal service</u>. CR.60. Deputy McMillan, Chief Deputy Rumfield and Deputy Mounger electronically signed written memorandum acknowledging receipt of the subpoena and waiving the method of service. CR.48-49, 54-55, 65-66.

**Course of the Proceedings**

On November 25, 2024, a cause of action at the 429th in Collin County, Texas was commenced in the name of the Officers by Motion to Quash the trial subpoena, Motion for protective order and Motion for Attorney's fees alleging that the subpoenaed witnesses were harassed or unduly burdened by the trial subpoena, and alleging that the trial subpoena is actually a discovery subpoena seeking privileged

information that is allegedly precluded by disclosure in opinion rulings of the AG. CR.7-8. The AG however, expressly ordered[1] the disclosure of the basic information being information about the arrest, the arrested person and the crime pursuant to Tex. Gov't Code §552.108(c). CR.21-22. The Motion for protective order requested reimbursement of costs and attorney's fees to be paid by Appellant—but not by the parties—allegedly pursuant to Rule 192.6(b). CR.14-15.

At the 193rd in Dallas County, Texas, the Browns moved, pursuant to Tex. R. Civ. P. Rule 176.8, to compel the appearance of their subpoenaed witnesses at the 193rd, as the issuing trial court. CR.42-70. On December 9, 2024, a conclusory supplemental motion for protective order and for sanctions against Appellant only, was filed at the 429th alleging that the 429th in Collin County has inherent jurisdiction to hold Appellant in contempt of the 429th Court's "Protective Order" by sanctioning appellant, who did not appear before the 429th, without personal service on the Browns or Appellant and without a show cause order, for, inter alia, the alleged extra-judicial conduct of seeking an order to compel at the issuing 193rd trial court. CR.27-32, 75-86. The 429th heard arguments from Davis without any evidence to support the issuance of a protective order. 2RR.2. Neither Appellant nor

---

[1] CR.21-22; September 29, 2021 and December 17, 2021 ruling "However, you must release the basic information pursuant to section 552.108(c) of the Government Code" being "information that is basic information about an arrested person, an arrest, or a crime."

the parties to the 193rd case participated in the 429th case at any stage of those proceedings. 2RR.2.

**Trial court's disposition**

On January 30, 2025, the 429th signed a final judgment, not against the parties, but against Appellant, granting all conclusory requests made by all Appellees against Appellant, then granted all relief sought by first Appellee, which is not a party to either proceeding signed on January 30, 2025. CR.94. Appellant filed a Notice of Appeal on grounds of clear error on the record. CR.100.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument, however, if this court requires it to aid the court to reach a just and fair decision, Appellant will appear and make arguments.

## STATEMENT OF ISSUES PRESENTED

**ISSUE 1:** With respect to trial subpoenas under Tex. R. Civ. P. 176.6(f) as opposed to discovery subpoenas, did the Collin County 429th have jurisdiction to quash the Dallas County 193rd's trial subpoena and issue a protective order against appellant when the 193rd is the trial court and the specified place of compliance?

**ISSUE 2:** Was there sufficient evidence on the record before the 429th to justify quashing the 193rd's trial subpoena and entering a protective order against the appellant or even the 193rd Plaintiffs?

**ISSUE 3:** On the record before this court, and the conduct for which appellant was sanctioned, was there sufficient evidence of bad faith abuse of the judicial process that significantly interfered with the 429th's core traditional judicial functions as to justify sanctions against appellant in favor of a nonparty?

## STATEMENT OF RELEVANT FACTS

### I.     AT THE 193RD IN NOVEMBER 2024

In cause number DC-20-18978, a pending suit for damages before the 193rd, Appellant represents Edward and Robin Brown who sued Crow-Billingsley Air Park Ltd and Tango Thirty One Aero Clube, Inc. under the Theft Liability Act, the Fraudulent Lien Statute, and for fraud and conversion. CR.42. Being a 2020 case, at least six prior trial subpoena had issued for each trial setting and over the years, the officers had each agreed to be prepared for trial and had called appellant each time but never mentioned being represented by counsel. CR.37.

For the trial setting of December 3, 2024, trial subpoena again issued by Appellant as an <u>officer</u> of the 193rd pursuant to Tex. R. Civ. P. 176.4(b) commanding the presence of the named officers to appear and testify about the crime of theft

which they investigated. CR.42, 47, 53, 59, 64. On November 19, 2024, Officer Watson received <u>personal service</u> and refused the witness fee but called Appellant to discuss his availability. CR.60, CR.37. Between November 18 and November 20, 2024, Officers McMillan, Rumfield and Mounger electronically signed written memoranda acknowledging receipt of the trial Subpoena and waiving the method of service. CR.37, 48-49, 54-55, 65-66.

## II. AT THE 429TH IN NOVEMBER 2024

On November 25th, 2024, Davis, initiated a new cause of action No. 429-08578-2024 at the 429th by Motion to Quash the trial subpoena, Motion for protective order and Motion for Attorney's fees wherein without evidence, he made conclusory allegations that (1) the officers were being harassed or unduly burdened by the trial subpoena, (2) that the trial subpoena is actually a discovery subpoena seeking privileged information and records allegedly precluded from disclosure by opinion rulings of the AG, when the AG expressly ordered[2] release of the basic information about the arrest, the arrested person and the crime pursuant to Tex. Gov't Code §552.108(c). CR.7-8, 21-22. The Motion offered no evidence by affidavit or

---

[2] CR.21-22; September 29, 2021 and December 17, 2021 ruling "However, you must release the basic information pursuant to section 552.108(c) of the Government Code" being "information that is basic information about an arrested person, an arrest, or a crime."

testimony in support of any of the allegations and no evidence was tendered for in camera inspection by the 429th. CR.17-26.

The Motion requested reimbursement of costs and attorney's fees to be paid by Appellant[3]—not by the parties—allegedly pursuant to Rule 192.6(b) and requested that the attorney's fees be paid, not to the officers, but to Collin County. CR.14-15. Davis emailed appellant to decline appearance at the 193rd unless the 429th ordered[4] them to appear. CR.38. The documents attached to the Motion were images of the trial subpoenas and opinion rulings of the AG with unidentified requestors. CR.17-20, 21-26.

The motion alleged without evidence, that the trial subpoena is "the latest attempt by Counsel Offoboche to obtain law enforcement records from Collin County for what is essentially a civil dispute" when there is nothing in the attached opinion rulings that shows that appellant was the requestor or was attempting to obtain law enforcement records. CR.8, 21-26. The motion alleged that the trial subpoena was a request for information through the testimony of appellees which the AG had, allegedly, repeatedly advised is not subject to public disclosure, when the opinion rulings contain the AG's express instruction to release the basic

---

[3] The attempt to intimidate appellant by personal attacks over a dispute of jurisdiction, resulted in extra-judicial adversary between appellant and Robert J. Davis which Davis then used in the supplement to redirect the 429th's focus to appellant instead of the absence of prima facie evidence to support the protective order claims of privilege, undue harm or harassment. CR.33-39.

[4] Implying no inherent authority of the 193rd to order their appearance at trial in that court.

information pursuant to section 552.108(c) of the Government Code which requires release of information about the crime, arrest and arrested person. CR.8, 21, 22, 24, 25.

The trial subpoena[5] did not require that the officers bring any records with them to court other than some form of government issued identification to enable the 193rd identify each witness, hence, while there is no factual basis for alleging that the trial subpoena was a discovery subpoena, per the AG's opinion rulings on which appellees rely, the Browns were entitled to have the officers testify about the basic information being the crime, arrest and arrested person. CR. 8, 21-26.

Davis argued via motion and hearing that the 429th has <u>exclusive</u> jurisdiction to hear the motion for protective order. CR.9 citing Tex. R. Civ. P. 176.6(e) and 176.5(a) and alleging improper service on the officers. CR.9, 12, 2RR.7 lines 11-14. To support the assertions, though each officer had either been served in person or signed written memoranda receiving service and waiving the method of service, Davis lied to the 429th Court that service was not proper because allegedly, they were <u>all</u> served by email. CR.9, 12; CR.60 (Watson Personal Service Affidavit); CR.48-49 (McMillan Waiver); CR.54-55 (Rumfield Waiver); and CR.65-66 (Mounger Waiver). Appellees concluded that they need not comply with the part of the trial

---

[5] CR.47, 53, 59, 64

subpoena from which protection is sought under Tex. R. Civ. P. 176.6(e) and 192.6 being their appearance at the 193rd trial court. CR.9.

(1) ALLEGED REQUESTS FOR INFORMATION AND RECORDS

In the motion, without stating what law enforcement records were allegedly requested by "appellant" Davis argued that they have been at least four Public Information Act requests for the same unidentified law enforcement records all of which allegedly, the AG decided, are not subject to public release. CR.9. The description of each request failed to indicate who the requestors are, what specific information was requested and most importantly, it failed to notify the 429th that the AG ordered the release of the basic information-about the crime, arrest and arrested person. CR.9-10 but see CR.21-22 (OR2021-26709; OR2021-36193 ordering "you must release the basic information pursuant to section 552.108(c) of the Government Code"); CR.23-26; CR.24, 25 respectively (instructing appellees to rely on the previous determination in OR2021-36193 ordering the release of the basic information pursuant to section 552.108(c) of the Government Code).

In the motion, appellees offered inapplicable case law asserting that when law enforcement records are requested *during discovery* in a civil proceeding, the Public Information Act governs, when that case applies to requests for information made *during discovery* and not when officers are commanded to testify by trial subpoena.

CR.10 *citing Hobson v. Moore*, 734 S.W.2d 340, 341 (Tex. 1987) to propose that the exceptions in the Public Information Act create a privilege from discovery in civil litigation, when the trial subpoenas served were not discovery subpoena and were served post-discovery from the 193rd. CR.21-26.

In the motion, Davis laid out in detail the alleged process for obtaining law enforcement records *during discovery* and the statutory restrictions on discovery orders in civil actions, though no discovery was sought by the trial subpoena. CR.11; CR.47, 53, 59, 64. To compensate for sidestepping this small but important detail, Davis misdirected the 429th by asserting that appellant, and not the party in the 193rd lawsuit, was seeking the release of records through witness testimony by allegedly improper use of subpoenas. CR.11. However, neither appellant nor the Plaintiffs at the 193rd served subpoenas during discovery on any officer or witness rather the officers were subpoenaed to testify at the trial and not required to bring any records to court. CR.47, 53, 59, 64.

Further, Davis argued that "the records which counsel Offoboche seeks fall squarely within Tex. Civ. Prac. & Rem. Code §30.006(c)" without alleging that the release of the information, records, documents or evidentiary materials or tangible things would interfere with the detection, investigation, or prosecution of criminal acts, when that statute applies to *discovery* subpoena served *during discovery*, and

does not apply to trial subpoena; and when no party was seeking records from any of the officers, much less appellant, who is not a party. CR.11, 47, 53, 59, 64.

(2) ALLEGED REASONS TO QUASH THE SUBPOENAS

Davis argued that the 429th had three reasons for quashing the subpoena. First, counsel argued that the subpoena should be quashed because the "subpoenas were merely emailed to the four witnesses." CR.12. This assertion is negated by the record filed with the supplement which shows that Officer Watson was personally served. CR.60. And the waivers on file show that Officer McMillan, Officer Rumfield and Officer Mounger all electronically signed written memoranda acknowledging receipt of service and waiving the method of service. CR.48-49, 54-55, 65-66. Thus, even the "evidence" attached to the motion at the 429th court, did not support the motion to quash or for protective order. CR.12; CR.48-49, 54-55, 60, 65-66.

Second, Davis argued, without tendering the open records request or the records for in camera inspection, that the "requested records" are privileged from public disclosure based on the AG's Opinion rulings, when no records were requested by the trial subpoena; and when the AG's Opinion showed that the AG Ordered the release of the basic information pursuant to section 552.108(c) of the Government Code. CR.12, 47, CR.21-22.

Third, Davis argued that the <u>trial</u> subpoena, which did not request any discovery from the officers, and which was not tendered during discovery, required appellant to follow the procedures set out in Tex. Civ. Prac. & Rem. Code §30.006(c), and allegedly appellant having failed to follow the procedures set forth therein, had "conflated the process" and foisted the obligation on the witnesses to respond to the allegedly improperly issued subpoena. CR.12-13. However, the <u>trial</u> subpoena attached to the motion at the 429th Court ordered the officers to appear at a <u>trial setting without any records</u> and were <u>not</u> issued *during* discovery. CR.47, 53, 59, 60.

## (3) THE UNSUBSTANTIATED MOTION FOR PROTECTIVE ORDER

In seeking the protective order, Davis emphasized the provisions of Texas Rule of Civil Procedure 176.7 which requires a court, upon <u>objection or motion</u>[6] to provide a person served with a subpoena with protection from disclosure of <u>privileged material or information</u>, and protection from <u>undue</u> burden and expense. CR.13. Davis emphasized specific provisions of Texas Rule of Civil Procedure 176.6(e) stating that a "person commanded to appear at a trial may move for a protective order under Rule 192.6(b). A person need not comply with <u>the part</u> of a

---

[6] Placing the burden on the party opposing the subpoena to prove that the information requested is privileged and that the movant will suffer undue burden and expense if a protective order is not granted.

subpoena from which protection is sought under this paragraph unless ordered to do so by <u>the court</u>." CR.13 (emphasis added).

Davis relied on Texas Rule of Civil Procedure Rule 192.6(b)'s provision that "to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, the court may make any order in the interest of justice." CR.13. However, having laid out the rules on which appellees rely, Davis for appellees then concluded, without tendering any evidence of harassment, annoyance, disruption from their duties[7] or requested privileged information, that a protective order be issued so that they are not harassed or annoyed by subpoena seeking to force them to appear in Dallas County, disclose privileged law enforcement information, and also subjecting them to unnecessary disruption from their duties. CR.14; but see CR.21-22.

Ignoring the obligation to release basic information about the crime, the arrest and the arrested person in the AG's opinions, Davis requested that the 429th court issue a protective order to protect "the law enforcement records being <u>sought</u>," when no law enforcement records were sought in the trial subpoena. CR.14, 21-22 and CR.47, 53, 59, 64.

---

[7] Officers' duties typically include testifying in court about the crime, the arrest and the arrested person in a matter that they investigated which is the basic information ordered to be released by the attorney general's opinion pursuant to Tex. Gov't Code §552.108(c). CR.21-22.

Counsel for appellee argued, without evidence, that the 429th court should issue the protective order to protect allegedly requested law enforcement records "particularly those which <u>may be</u> involved in investigations and/or implicate personal, statutory, or constitutional confidentiality and/or privacy rights" without tendering any evidence by records or affidavits to show that any alleged records were involved in investigations, or implicated personal, statutory, constitutional confidentiality or privacy rights or even that the trial subpoena requests any such records. CR.14, 47.

Without any evidence, Davis concluded that the factually unsubstantiated request for a protective order is consistent with the public policy underlying the Texas Public Information Act, the holdings of the Texas Supreme Court and the Texas Rules of Civil Procedure without meeting the prima facie threshold for obtaining a protective order from any court. CR.14. However, having identified the imagined part of the trial subpoena that appellees would not comply with, counsel for the officers informed appellant that the officers would not be attending the trial even though, they did not seek protection from the basic information about the crime, the arrest and the arrested person, that the AG required them to release. CR.39, CR.21-22 (requiring disclosure of information about the crime, the arrest and the arrested person pursuant to §552.108(c) of the Tex. Gov't Code).

(4) ALLEGED RULE 192.6(b) RIGHT TO NONPARTY COLLIN COUNTY'S ATTORNEY'S FEES

For the sole purpose of intimidating appellant, though not authorized under the rule, the officers cited Tex. R. Civ. P. Rule 192.6(b)'s authorization for the court to make "any order in the interest of justice" allegedly to protect the movant from unnecessary expense," as a basis for ordering reimbursement of Attorney's fees payable to Collin County, which is not a party to the case at the 429th District Court or the case at the 193rd, and requested that the attorney's fees be borne by appellant. CR.14-15. Davis made factually unsubstantiated arguments alleging rule-based proscription of unnecessary expense without stating how attendance at the trial would be an *unnecessary* expense[8]; alleging witness ambush[9] when the witnesses had received the exact same trial subpoena at least six times before for prior trial settings and communicated with appellant severally regarding the trial[10]; and alleging compulsion of <u>expedited</u> production of allegedly privileged/confidential law enforcement records all allegedly arising from trial subpoena that does not request the production of any records. CR.14 but see CR.47, 53, 59, 64. The motion, however, offers no legal or evidentiary basis for the award of attorney's fees under Rule 192.6(b). CR.7-26.

---

[8] CR.14 but see CR.17-26 showing evidence that attendance at trial would be an unnecessary expense.
[9] CR.14.
[10] CR.37.

III.    The Browns' Rule 176.8 Motion to Compel at the Issuing 193rd Court

Appellee's counsel served the Motion for protective order asserting then that they will not comply with any order from the issuing[11] court and arguing that the mere filing of their motion constitutes a protective order precluding the officers from appearing "in Dallas County until and unless the Collin County District Court[12] orders them to do so." CR.39. This preemptive refusal to comply with any order from the 193rd unless the court of equal jurisdiction, the 429th, ordered them to do so, led appellant, on behalf of the Browns, to warn the officers-through their counsel, that the Dallas County Judge may have the officers escorted into court if they refused to comply with a 193rd court order and confirmed the intent to file a Motion to Compel. CR.28.

Per Texas Rule of Civil Procedure Rule 176.8 therefore, on November 28, 2024, at 5:39 AM CST, at the issuing 193rd Court, the Browns filed their Motion to Compel[13] compliance with their trial Subpoena and order attendance of witnesses subpoenaed to testify at trial, then served all parties including Davis through the efiletexas.gov e-file service per Rule 21a. CR.42-70 (showing submission and service on 11/28/2024 at 5:39AM CST as the date and time on which the motion

---

[11] The Judge of the 193rd Court in Dallas County, Texas
[12] The 429th Court
[13] The Motion was supported by Exhibits 14 being e-filed returns of service of each subpoena, with the process server's affidavits and the officers' waivers.

was submitted for "Efile And Serve" to all including Appellee's counsel-Bob Davis). CR.71. The filing was accepted by the Dallas County Clerk's Office on Monday, December 2, 2024 at 12:00AM. CR.42. For some inexplicable reason, counsel for the officers' claims that the efiletexas.gov system singled him out for unique service on December 1, 2024 and blames appellant for his allegedly receiving service on December 1, 2024 instead of November 28, 2024 when his proof of service clearly shows that the filing was submitted for e-filing and eservice on everyone at 5:39AM on December 28, 2024. CR.71, 30.

IV. <u>Contents and Response to Motion to Compel Compliance with trial subpoena filed at the 193rd</u>

On November 28, 2024, Plaintiffs at the 193rd filed a Motion for Compliance with their trial subpoena and served all parties on November 28, 2024. CR.42-71. Therein, Plaintiffs sought to have the 193rd Court, as the issuing trial court, compel the attendance of their trial witnesses who are the officers. CR.42-45. In support of the motion to compel, Plaintiffs attached Exhibits 1-4 being the trial subpoena that issued from the 193rd and the independent process server's affidavit of personal service along with affidavits of service with waivers to prove that the subpoena were served. CR.46-70. Upon receipt of the Motion to Compel, Appellees filed a Motion to Quash, Supplement Requesting issuance of Protective Order and Motion for Sanctions by award of non-party Collin County's Attorney's fees at the 429th. CR.27-83.

V.     Supplement to Motion to Quash, Request for Issuance of Protective Order, and Award of Collin County's Attorney's Fees

At the 429th, Davis filed a supplement to their motion to quash and requested issuance of a protective order and award of non-party Collin county's attorney's fees ("the supplement"). CR.7, 47, 53, 59, 64. First, attached to the supplement is a series of email communications between appellant as counsel for the 193rd Plaintiffs and Davis in this court, disagreeing about how a protective order works and which court has jurisdiction as well as allegations by Davis accusing appellant without evidence of attempting to serve new subpoena on the witnesses and alleging without evidence that Appellant had been trying to contact appellees. CR.33-39. Secondly, a copy of the Browns' Motion to Compel which was filed at the 193rd with all its exhibits was attached to the supplement. CR.42-70. And thirdly, copies of efiling envelope courtesy notifications showing that the motion to compel compliance was efiled and eserved on November 28, 2024 highlighting December 1, 2024 on the printed email communication. CR.71-73. No evidence was offered in the form of Affidavits, testimony or other evidence tendering any privileged information for in camera review or any supporting any claim to attorney's fees or any basis for a motion for sanctions. CR.33-74.

In the supplement Davis complained to the 429th District Court that even though he had filed but failed to establish a basis for obtaining a protective order, appellant's extrajudicial communications with him as the opposing counsel, to the

effect that there was no protective order yet and warning of what <u>may</u> happen at the Dallas County Court when the planned motion to compel is filed and heard, constituted allegedly "repeated threats to subjugate and thwart the 429th Court's jurisdiction and authority over the" officers pending motion and by alleged improper contact with the officers. CR.28. Again, no evidence of misconduct was actually tendered. CR.28. Davis claimed that being informed of the Browns' intent to obtain an order to comply with the trial subpoena at the issuing 193rd Dallas County Court per Tex. R. Civil Proc. Rule 176.6(e) constituted intentionally ignoring the effect of filing a motion to quash which merely stops the objecting party from complying with the part of the subpoena objected to. CR.28.

Even though appellant had notified opposing counsel that a Motion to compel was being filed at the 193rd District Court, Davis alleged without evidence, that Appellant, who is not a process server, was attempting to serve new subpoenas on the officers. CR.28-29. Then, Davis absurdly alleged that the Browns filing of their Motion to Compel at the issuing 193rd District Court was an attempt by appellant to get the Dallas County Court to rule on the officers' motion rather than the Browns motion to compel. CR.29.

Davis accused Appellant of misstating the provisions of TRCP 176.8. CR.29. Specifically, in the motion to compel, the Browns had invoked the jurisdiction of the 193rd District Court as the issuing Court to enforce its subpoena pursuant to Rule

176.8 which authorizes the issuing court to punish a person who fails without adequate excuse to obey a subpoena. CR.44. Davis argued, that the Browns' invocation of the issuing court's jurisdiction to enforce its subpoena is a misstatement of the law by appellant because he believed that it was the district court in the county in which the subpoena is served that had jurisdiction to enforce the issuing court's subpoena when Rule 176.8 first invokes [or prioritizes] the issuing court as the contempt court and in the alternative (or), a district court in the county in which the subpoena is served. CR.29; Tex. R. Civ. P. 176.8(a).

Counsel for appellee then confused the issues regarding the Motion to Compel which is still pending in the issuing Dallas County District Court and the Motion for protective order in Collin County, by arguing that Rules 176.6(e) and Rule 176.8 give the alternative court in Collin County jurisdiction to conduct a hearing on the Motion for Protective order insinuating that the Collin County Court has jurisdiction of the Motion to Compel as well. CR.30.

The Motion to Compel which was filed in Dallas County and served on the same date and time on all parties including counsel for the officers, became the subject matter of a sanctions complaint at the Collin County Court, wherein Davis argued that the Dallas County Motion to Compel was served on Thanksgiving day with a "Certificate of Conference" that alleged that appellant served a copy of the Motion to Compel on opposing counsel on November 28, 2024 but allegedly did

not. CR.30. However, the motion to compel does not contain a certificate of conference at all. CR.45. Rather, it contained a Certificate of Service which shows that counsel for the officers-Robert Davis-was served per TRCP Rule 21a by simultaneous efile.texascourts.gov eservice upon e-filing on November 28, 2024 at 5:39AM like everyone else. CR.45. Counsel for the officers then claimed, inexplicably, that he received courtesy notification that the motion had been filed on December 1, 2024. CR.30.

Davis argued that the mere filing of a Motion for protective order granted the 429th jurisdiction over the trial subpoenas and not just the Motion for Protective order. CR.30. Therein, Davis accuses appellant, as counsel for the Browns, of continuing intentional harassment of the officers and alleged clear defiance of the pending motion which he claims conferred exclusive jurisdiction of the 193rd trial subpoena, on the 429th Court as if the latter court has appellate or superior jurisdiction. CR.30.

The alleged "continuing intentional harassment…and alleged clear defiance" of the 429th Courts alleged jurisdiction of the subpoenas, allegedly arose from the Browns filing their November 28, 2024 Motion to compel compliance with the November 18, 2024 subpoena at the issuing court in Dallas County for the December 3, 2024 trial setting, upon receipt of the November 25-27, 2024 communication from opposing counsel that the officers would not be complying

with any part of the subpoena to appear. CR.30. Therein, Davis alleges without evidence, that new subpoena had issued and should be quashed, a protective order issued, confirming that none was yet in place, and that non-party, Collin County should be reimbursed for its attorney's fees and costs associated with the motion and the supplement. CR.30.

Thereafter, Davis claimed without evidence of any harassment by appellant or the Browns that there was a threat and substantial likelihood of ongoing harassment by appellant which required the 429th Court to hear their motion for protective order asserting that non-party, Collin County, was entitled to reimbursement of its attorney's fees and asserted that they had filed a Motion for Sanctions against appellant. CR.31.

VI.     The Motion for Sanctions

Davis filed a motion for sanctions, not on behalf of the officers, but on behalf of Collin County, an entity that was not served with subpoena, and offered no evidence in support of the motion for sanctions. CR.75, 78. There, Counsel for non-party Collin County alleged without evidence that appellant should be sanctioned by the 429th Court for allegedly subjugating and thwarting the 429th court's jurisdiction and authority over appellees then pending motion to quash and for protective order, by (1) allegedly attempting to serve movants with new subpoena when there was a

pending motion to quash and for protective order in the 429th court; (2) for allegedly threatening to have movants found in contempt of the 193rd court before the 429th Court had held any hearing or issued any orders; (3) for allegedly filing a motion to compel in the issuing 193rd Court allegedly despite the alleged 429th's jurisdiction over the 193rd Court's trial subpoena; and (4) for allegedly disingenuous and dilatory service of the motion to compel pending at the 193rd court on Davis. CR.76.

All the accusations in the motion involved conduct that allegedly took place outside the presence of the 429th Court. CR.75-76, 78-81. The evidentiary bereft motion was allegedly based on the 429th's inherent power to sanction on behalf of Collin County-an entity that was not a party to the 429th case or the case at the 193rd Court. CR.76.

With respect to the unsubstantiated allegation that appellant was attempting to serve new subpoena when the motion to quash and for protective order was pending before the 429th, Davis offered allegations and flowery accusations which allegedly took place outside the presence of the 429th Court, intended to inflame the passions of the 429th Court but offered but no evidence to support any of the allegations and accusations. CR.79.

With respect to the allegation that the use of the word "may" is a threat to have the officers held in contempt of the 193rd court, no competent evidence was tendered

to the 429th Court to support the allegation when the risk of contempt for disobeying a trial subpoena set out in Rule 176.8(a) is required on the face of subpoena by Rule 176.1(g), Tex. R. Civ. P. CR.79.

Davis's claim that the Brown's filing a Motion to Compel compliance with their trial subpoena at the issuing 193rd Court, on November 28, 2024 for the December 3, 2024 jury trial setting, was an attempt to interfere with the 429th Court's ability to decide issues of fact, questions of law and control management of its docket was based on conduct occurring at the 193rd and lacked a legal or evidentiary basis for a motion for sanctions because the 193rd is the trial court, not the 429th. CR.80.

Because there was no statutory or rule-based authority for Collin County seeking the motion for sanctions against appellant, appellee's counsel invoked the inherent jurisdiction of the 429th court disregarding the inherent jurisdiction of the 193rd Court over its trial subpoena. CR.80. Davis argued that appellant interfered with the 429th's jurisdiction, the administration of justice and the independence and integrity of the 429th Court and that this merited the award of sanctions against appellant in favor of Collin County, a non-party entity. CR.80. Again, no evidence was offered or relied upon. CR.80.

Lastly, Davis relied on his prior arguments in the supplement wherein he alleged that appellant lied in the *Certificate of Conference* to the Browns' Motion to

Compel filed at the 193rd Court, that Davis had been served on November 28, 2024 but that he had been served on December 1, 2024 when the Motion to Compel does not even contain a *Certificate of Conference*. CR.80-81, CR.30(3rd paragraph) but see CR.45 showing *no* Certificate of Conference. CR.45.

VII.    The hearing

The 429th Court heard Appellees' motions. 2RR.2. Neither appellant nor any other 193rd Court party participated at the 429th Court at any stage of those proceedings. 2RR.2. At the hearing regarding the motions, no evidence was offered or admitted to support any of the allegations in the Motion to Quash, the Motion for Protective Order, the supplement and motion for sanctions, and no affidavit or witness testimony was presented to the court. 2RR.1-13. No documents were tendered to the 429th court for in-camera inspection regarding the privilege claims. 2RR.1-12, 3RR.1-5. Appellee's counsel ended his argument with his testimony regarding attorney's fees only and tendered Exhibit A. 2RR.10-12. The Court Reporter certifies that the 2-page attorney time entry sheet was the only evidence offered or admitted during the hearing. 3RR.1. Without evidence, the Court signed a judgment against appellant only and granted the application for fees as prayed. 1SCR.8.

VIII.   Judgment: the 429th's findings

In the judgement were the 429ᵗʰ Court's asserted jurisdiction over the matter pursuant to Tex. R. Civ. P. 176.6(e) and found that appellant was the issuing attorney but did not acknowledge that appellant was acting as an officer of the 193ʳᵈ Court. CR.95 (1)-(2). The 429ᵗʰ made the finding that appellant had been properly served with the appellees' motions including the motion for contempt which was labeled a motion for sanctions when the record does not show that appellant was personally served with a show cause order. CR.95(3), (5)-(6); CR.2.

Without sufficient evidence on the record, the court made the following findings: (1) appellees were subpoenaed to testify about law enforcement records arising from Public Information Act requests without viewing any Public Information Act requests, and when there is no evidence on the record to show that the claimed information was privileged since the AG's Opinions before the court, commanded the release of the basic information.[14] (2) The court made the finding that appellant improperly sent an email directly to the court when there is no evidence in the record to show that appellant improperly sent an email to the court[15] (3) that appellant failed to follow TCPRC Chapter 30 procedures when the trial subpoena was not issued *during* discovery,[16] (4) that appellant did not take

---

[14] CR.95(7)
[15] CR.95(6)
[16] CR.96 (8)

reasonable steps to avoid imposing undue burden or expense on the officers,[17] (5) that appellant ignored clearly established rules and case law regarding the effect of a filed Motion to Quash/Motion for Protective Order and "basically" threatened to have movants seized and brought to a Dallas Courthouse,[18] (6) that appellant continued to try to have the four Collin County witnesses served with new Subpoena,[19] (7) that appellant had filed a Rule 176.8 Motion to Compel with the Issuing 193rd Court in Dallas County,[20] (8) that appellant falsely represented in a *Certificate of Conference* in the Motion to Compel filed on Thanksgiving day, November 28, 2024 that appellant served a copy of the same on the undersigned that same day but did not, rather the court found that Davis received a Courtesy Notification on December 1, 2024, when the Motion to Compel does not even contain a *Certificate of Conference,*[21] (9) that appellant has engaged in "a series of behavior constituting bad faith abuse of the judicial process and interference with" the 429th's "traditional core functions,"[22] (10) that appellant has allegedly been disingenuous and dilatory in appellant's service of appellant's Motion to Compel in a *Certificate of Conference*[23], and that the above, all amounted to appellant seeking

---

[17] CR.96 (9)
[18] CR.96 (10)
[19] CR.96 (11)
[20] CR.96 (12)
[21] CR.96 (13)
[22] CR.96 (14)
[23] CR.96 (14)

to subjugate and thwart the 429th's jurisdiction and authority over the pending Motion for protective order.[24]

Having made the above findings, albeit without any actual evidence, and even though the 429th held a hearing on the Motion to quash, for protective order and for attorney's fees and sanctions at the request of a nonparty, the 429th concluded that appellant has infringed upon and interfered with the 429th Court's ability to perform its core judicial functions effectively and protect the court's jurisdiction, dignity, independence, and integrity and was sanctionable under the Court's inherent powers to deter, alleviate, and counteract bad faith abuse of the judicial process which significantly interfered with the traditional functions of the 429th Court.[25]

The Court then granted the Motion to quash subpoena though not authorized to do so under TEX.R. CIV. P. 176.6(d)-(e). CR.97. Though the subpoena at issue is a trial subpoena and not issued during discovery, the 429th Court granted the protective order precluding testimony related to and/or records governed by §30.006(c) of the Texas Civil Practice and Remedies Code and precluding subpoena to be requested and/or served upon the officers for their personal appearance at the 193rd Court without the 429th Court's authorization. CR.97 (1)-(2). Lastly, the 429th ordered appellant to pay $7,697.19, $15,000.00 and $20,000.00 in attorney's fees

---

[24] CR.96 (14)
[25] CR.97 (16)

within 30 days of signing, and contingent attorney's fees for appeal to the Dallas Court of Appeals and Texas Supreme Court respectively, within 45 days of the mandate, to nonparty Collin County, Texas, an entity that did not receive a trial subpoena for allegedly being the attorney's fees and cost incurred in preparing and presenting the Motion to Quash, motion for protective order, for award of attorney's fees and for sanctions. CR.98. This appeal ensued.

## SUMMARY OF ARGUMENT

A juxtaposed reading of the plain language of Rules 176.6(a), 176.6(f) and 176.7 gives the 193rd Court, as the issuing trial court that is the place specified for compliance with trial subpoena, exclusive jurisdiction over its trial subpoenas and the judgment against appellant should be voided.

There is insufficient evidence on the record to support the 429th's granting of the motion for protective order on grounds of privilege or undue burden, harassment, unnecessary expense or annoyance and the judgment should be reversed.

There is insufficient evidence of bad faith abuse of the judicial process by appellant that significantly interfered with the 429th Court's traditional core functions and invoking the inherent power of that court to sanction appellant was an abuse of discretion.

# LAW AND ARGUMENT

## PART I: THE 429TH ABUSED HER DISCRETION BY MAKING FINDINGS WITH INSUFFICIENT EVIDENCE

### A. STANDARD OF REVIEW

The 429th's judgment, not being substantiated by evidence on the record, is an abuse of discretion and should be reversed. A trial court cannot exercise its discretion in the absence of evidence. *In re Berrenberg*, 605 S.W.3d 922, 927 (Tex. App.—El Paso 2020, orig. proceeding) (holding that a trial court abuses its discretion when it limits discovery in the absence of substantiating evidence in the record). The trial court has no discretion in determining the law or applying the law to the facts. *Pressley v. Casar*, 567 S.W.3d 327, 333 (Tex. 2019).

When, as here, a complete reporter's record is part of the record, the trial court's challenged findings of fact are not binding on the court of appeals. *Pearl Res. LLC v. Charger Servs., LLC*, 622 S.W.3d 106, 115 (Tex. App.—El Paso 2020, pet. denied). That is, the court of appeals may look to the record to assess whether the evidence sufficiently supports the findings. *Browne v. Ortiz*, 657 S.W.3d 704, 708 (Tex. App.—El Paso 2022, no pet.).

"A trial court's wrong decision in applying or analyzing the law, even in an unsettled area of the law, is an abuse of discretion." *In re R.R.*, 26 S.W.3d 569, 573 (Tex. App.—Dallas 2000, orig. proceeding)(*citing Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996) (orig. proceeding))). "[A] clear failure by the trial court to

analyze or apply the law correctly will constitute an abuse of discretion . . ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). "[T]he abuse of discretion standard is typically applied to procedural or other trial management" decisions, either when challenged on appeal or by original proceeding. *In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000).

## B. TRIAL SUBPOENA JURISDICTION OF THE 193RD vs. 429TH COURT

### (i) TRIAL SUPBOENAS ARE TREATED DIFFERENTLY FROM DISCOVERY SUBPOENAS UNDER RULE 176

The subpoenas in question being Trial Subpoena and not a discovery subpoena, the 429th Court lacked subject matter jurisdiction over the trial subpoena issued by appellant as an officer of the 193rd Court, the court with the place of compliance and abused her discretion by assuming[26] jurisdiction. Tex. Civ. P. R. 176.6(f). Because subject matter jurisdiction is essential to the authority of a court to decide a case, it cannot be waived and may be raised for the first time on appeal. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 850 (Tex. 2000).

Subpoena is defined as "[a] writ or <u>order</u> commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply." Black's Law Dictionary (12th ed. 2024). It is only a discovery subpoena that "may not be used for discovery to an extent, in a manner, or at a time other than as provided by

---

[26] CR.95 (1)-(2)

the rules governing discovery." See generally *Medlin v. King*, 705 S.W. 3d 267, 285 (Tex. App.—El Paso 2024) *citing* Tex. Civ. P. R. 176.3(b).

Texas Rules of Civil Procedure provides that a person may be subpoenaed both to give testimony and produce documents at trial. Tex. R. Civ. P. 176.3(b); *Medlin v. King*, 705 S.W. 3d 267, 285 (Tex. App.—El Paso 2024). Rule 176.6(c) provides that it is only a "[a] person commanded to produce documents or tangible things [that] need not appear in person at the time and place of production unless the person is also commanded to attend and give testimony, either in the same subpoena or a separate one."). *Medlin v. King*, 705 S.W. 3d 267, 285 (Tex. App.—El Paso 2024).

"A trial court has the authority to require a witness…to attend trial if the witness resides within 150 miles of the courthouse of the county in which the suit is pending or if the witness may be found within such distance at the time of trial." *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 159–60 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (emphasis added) (*citing Dr. Pepper v. Davis*, 745 S.W.2d 470, 471 (Tex. App.—Austin 1988, orig. proceeding)).

Like a Clerk of the appropriate Court, Rule 176.4 permits an attorney authorized to practice in the State of Texas, to issue a subpoena as an officer of that court. Tex. R. Civ. P. 176.4(b). When a person is commanded by subpoena to attend and give testimony or to produce documents or things, at a hearing or trial, that

person has the option under Rule 176.6(f), to comply or "object or move for protective order before the court at the time and place specified for compliance" but not in accordance with paragraphs (d) and (e) as those apply to discovery subpoena. Tex. R. Civ. P. 176.6(f).

The word "subpoena" being synonymous with Order in Black's Law Dictionary, and the fact that a case set for jury trial can only have one trial court, the word "may" in rule 176.6(f) which is specifically entitled "Trial Subpoena" authorizes the option to object or move for a protective order before the issuing court, but does not mean that the objection or move for protective order may be filed at some other court as that would interfere with the trial court's ability to control the trial docket and command the attendance of witnesses especially in a case that is set for jury trial. *See generally*, *Medlin v. King*, 705 S.W. 3d 267, 285 (noting the difference between the requirements of discovery subpoena under Rule 176.3(b) not being applicable to trial subpoena); and see, *In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (quoting Black's Law Dictionary that subpoenas are court orders), and again *Medlin*[27] (finding that it is only discovery subpoena and not trial subpoena that is limited "to an extent, in a manner or at a time other than as provided by the rules governing discovery" citing Tex. R. Civ. P. Rule 176.3(b)).

---

[27] 705 S.W. 3d at 285.

Understanding Rule 176.6(f) as applying specifically to "Trial Subpoenas" which require any exercise of the option to object or to move for protective order to be filed at the "place specified for compliance" being the 193rd trial court in this case, appellant filed the Browns Motion to Compel their trial subpoena at the issuing 193rd Court. CR.42-70. However, the 429th Court viewed the trial subpoena as a discovery subpoena and foisted jurisdiction on itself by relying on the provisions of Rule 176.6(e) as Davis claimed in the Motion for Protective Order and supplement. CR.95(1), CR.9.

The 429th's action was an erroneous assumption of subject matter jurisdiction because Rule 176.6(f) was specifically designated in the rules to cover trial subpoenas whilst protective orders against discovery subpoenas fall under Rule 176.6(e). Tex. R. Civ. P.; CR.95(1). Because the 193rd Court is the trial court on whose behalf, appellant issued the trial subpoena for testimony, the trial subpoena, unlike discovery subpoena, is a court order and therefore should be subject only to the issuing court's jurisdiction as the place specified for compliance. Tex. R. Civ. P. 176.6(f). And since the 193rd trial Court is *the specified place for compliance* in the trial subpoenas and is also the court for which appellant was acting as an officer, in issuing the trial subpoena on behalf of the Browns, an exercise of the option to object or move for a protective order was required to be filed at the Dallas County 193rd

Court in response to the trial subpoenas and not the Collin County 429ᵗʰ Court. CR.47, 53, 59, 64 (App. 1-4); Tex. R. Civ. P. 176.6(f).

Additionally, it is well-settled in Texas that an appellate court's review is confined to the record in the trial court when the trial court acted. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 52 n.7 (Tex. 1998); *University of Tex. v. Morris*, 344 S.W.2d 426, 429 (Tex. 1961); *Monsanto v. Davis*, 25 S.W.3d 773, 781 (Tex. App.—Waco 2000, pet. dism'd w.o.j.). Based on the record before this court, the 429ᵗʰ Court is not the court with subject matter jurisdiction over the trial subpoenas pursuant to Rule 176.6(f), hence the 429ᵗʰ Court abused her discretion when she assumed subject matter jurisdiction over the trial subpoenas for which she lacked jurisdiction, and her judgment should be reversed for want of jurisdiction. *Gibson*, 22 S.W.3d at 850; Tex. R. Civ. P. 176.6(f).

(ii) <u>THE 429ᵀᴴ ASSUMED JURISDICTION BASED ON A FALSE ASSERTION OF IMPROPER SERVICE OF SUBPOENA EVEN THOUGH THERE IS UNREBUTTED PRIMA FACIE EVIDENCE TO SUPPORT A PRESUMPTION OF PROPER SERVICE ON THE RECORD</u>

Because the record affirmatively shows personal service and waiver of the method of service by the process server's return of service on file, appellees "failed to rebut the presumption of regularity of service of the trial subpoena by the corroborated testimony of the person against whom service of process is presumed. *Martin v. Ventura*, 493 S.W.2d 336, 338–39 (Tex. Civ. App.—Tyler 1973, no writ)

(cited in Sauve, 638 S.W.2d at 610). "The return of service is not a trivial, formulaic document." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). It is prima facie evidence of the facts recited therein. *Sauve v. State*, 638 S.W.2d 608, 610 (Tex. App.—Dallas 1982, pet. ref'd). "The weight given to the return is no less when the recitations impeach the judgment than when they support it." *Id.* "Ordinarily, an officer's return which is valid on its face carries a presumption of the truth of the facts stated on the return and of regularity." *Id.*

This presumption reiterates the long-standing principles that (1) a return of service is "prima facie evidence of the facts therein cited" and (2) the "presumption of accuracy of a return of service may not be impeached by the <u>uncorroborated testimony of the person against whom service of process is presumed</u>." *Martin v. Ventura*, 493 S.W.2d 336, 338–39 (Tex. Civ. App.—Tyler 1973, no writ) (cited in Sauve, 638 S.W.2d at 610). Rule 176.5 requires proof of service to be filed showing either the witness's signed written memorandum or the process server's statement stating the date, time and manner of service, and the name of the person served. Tex. R. Civ. P. 176.5(b).

In the record before this court is a process server's return of service from the 193rd Court for each of the officers showing in-person service on Deputy Watson; and the witnesses electronically signed written memorandum waiving the method of service for Deputy McMillan, Chief Deputy Constable Rumfield and Deputy

Mounger. CR.60, 48-49, 54-55, and 65-66 respectively. The returns of service being "prima facie evidence of the facts therein cited carrying a presumption of accuracy, the burden shifted to the officers to rebut the presumption with evidence that corroborates the testimony of the officers as the <u>persons against whom service of process is presumed</u>. *Martin v. Ventura*, 493 S.W.2d 336, 338–39. There is no testimony on the record offered by any of the officers to rebut the presumption of accuracy of service and no corroborating evidence on the record. RR; 2RR.1-13, 3RR (showing no witness testimony regarding any facts). There is no evidence on the record to support the allegation of improper service of the four trial subpoenas by which appellees had misled the 429th Court. CR.9.

(iii) <u>RULES 176.6 AND 176.7 AUTHORIZE PROTECTIVE ORDERS AGAINST THE PARTY CAUSING THE SUBPOENA TO ISSUE AND NOT THE PARTY'S ATTORNEY</u>

The 429th Court abused her discretion by entering judgment against appellant when appellant is not a party to any litigation and only serves as attorney for the Browns, who are the parties at the 193rd. CR.95 (1)-(9), (11)-(14), 16), CR.97-99, CR.42. While Rule 176.6 requires compliance with a subpoena unless discharged by the court or by *the party* summoning such witness, Rule 176.7 imposes a responsibility on *the party* causing a subpoena to issue to take reasonable steps to avoid imposing undue burden or expense on the person served. Tex. R. of Civ. P. 176.6(a) and 176.7.

In both rules, compliance is required on behalf of the party, here the Browns, and responsibility is imposed on the party, and not on the attorney for the party. *Id.* Thus, by entering "a protective order and award of sanctions against appellant" as "the attorney who issued the four subpoenas"[28] instead of the party causing the subpoena to issue, the 429th exceeded her protective order authority under Rule 176.6(f) and 176.7 by quashing the 193rd Court's trial subpoenas, which are 193rd court orders. *In re J.M.*, No. 14-24-00478-CV (Tex. App.—Houston [14th Dist.] 2024, opinion delivered October 15, 2024) (identifying subpoenas as court orders per Black's Law Dictionary)[29] and *Medlin*[30] (citing Rule 176.3(b) TRCP for the proposition that only discovery subpoenas are limited by the need for compliance with the rules governing discovery).

The El Paso Appeals Court's reading of Rule 176.3's limitations regarding discovery subpoenas being the only subpoenas limited by the rules governing discovery, tracks with the rules specificity about the response required for trial subpoenas providing: "Trial Subpoenas. A person commanded to attend and give testimony or to produce documents or things, at a hearing or trial, may object or move for protective order before the court at the time and place specified for

---

[28] CR.95.

[29] "Subpoena is defined as "[a] writ or <u>order</u> commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply." Black's Law Dictionary (12th ed. 2024)." *In re J.M.*, No. 14-24-00478-CV (Tex. App.— Houston [14th Dist.] 2024, opinion delivered October 15, 2024.

[30] 705 S.W.3d at 285.

compliance, rather than under paragraphs (d) and (e)" as those paragraphs apply to discovery subpoena responses. Tex. R. Civ. P. 176.7; and see *In re J.M.*, No. 14-24-00478-CV (Tex. App.— Houston [14th Dist.] 2024, opinion delivered October 15, 2024 (defining subpoena as court orders) and *Medlin*, 705 S.W.3d at 285 (distinguishing trial subpoena from discovery subpoena).

Juxtaposing Rule 176.6(a)'s requirement for compliance until discharge by the court or *the party* with Rule 176.6(f)'s requirement for any protective order move to be made before *the court at the* time and *place specified for compliance*, with Rule 176.7's imposition of the duty on the *party* to avoid imposing undue burden or expense on the person served, it is clear that the subpoena provisions under Rule 176 as they relate to trial subpoena require any judgment in a protective order claim to be imposed on *the party* causing the subpoena to issue and not on the party's attorney. Tex. R. Civ. P. 176.6(a), 176.6(f), 176.7.

Further, Rule 176.6(f) places jurisdiction over trial subpoena squarely with the issuing court as the court of the place specified for compliance. Tex. R. Civ. P. Being that the subject matter of the protective order are four trial subpoenas, Rule 176.6(f) deprived the 429th Court of subject matter jurisdiction not only over the 193rd's trial subpoena but prevented the 429th Court from issuing a protective order judgment against appellant being an attorney for parties in another court. R. 176.6(a) and (f), R. 176.3 and R. 176.7.CR. Permitting any other interpretation would authorize a

district court in one jurisdiction to issue protective order judgments against anyone who can issue a subpoena rather than on the party causing the subpoena to issue under Rule 176.4 including, the 193rd District Court clerk, like the 429th court has done against appellant, an attorney authorized to practice law and who acted as an officer of the court. Tex. R. Civ. P. 176.4(a) and (b); CR.99.

Permitting the 429th court in Collin County to exercise subject matter jurisdiction over a jury trial subpoena issued by the 193rd district court in Dallas County, also interferes greatly with the 193rd Court's authority to require witnesses to attend trial if the witness resides within 150 miles of the courthouse of the county in which the suit is pending or if the witness may be found within such distance at the time of trial. *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d 153, 159–60 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (emphasis added) (*citing Dr. Pepper v. Davis*, 745 S.W.2d 470, 471 (Tex. App.—Austin 1988, orig. proceeding)) (holding that "A trial court has the authority to require a witness, including a party or an officer of a party, to attend trial if the witness resides within 150 miles of the courthouse of the county in which the suit is pending or if the witness may be found within such distance at the time of trial.").

Being the trial court, (1) the 193rd court is the only court that has the authority to command a witness's attendance at a <u>trial in the 193rd court</u> and therefore the court with exclusive jurisdiction over <u>trial</u> subpoenas issuing from the 193rd court as *the*

*place specified for compliance* to the exclusion of the 429th and (2) any protective orders should be issued against the parties and not appellant, as the Browns' attorney otherwise the goal, as here, would simply be to intimidate the attorney into withdrawing from representing that party and denying the party, their attorney of choice. Rule 176.6(f) and 176.6(a) and 176.7 Tex. R. Civ. P.; *In re FedEx Ground Package Sys., Inc.*, 609 S.W.3d at 159–60. The judgment should be reversed for want of jurisdiction. CR.99.

C. <u>THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE PROTECTIVE ORDER AS TO PRIVILEGE</u>

The 429th Court lacked jurisdiction and abused its discretion by granting the motion for protective order on privilege grounds based solely on the conclusory assertion that the trial subpoena was requesting the same information as the unspecified information or records addressed by the AG's opinion rulings when the rulings command the release of the basic information, do not identify the requestor or show that the Browns were requesting the information or records which form the subject matter of those opinions and no evidence was offered to show that those opinions relate to the trial subpoena. CR.21-26 but see CR.47.

Under Texas Law, a trial court's actions denying discovery is reviewed for abuse of discretion. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913,917 (Tex. 1991). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Joe*

*v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). A party may obtain discovery regarding any matter that is not privileged and is "relevant to the subject matter" of the pending action. Tex. R. Civ. P. 192.3. The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990). A less deferential standard applies to a trial court's determination of the legal principles governing discovery. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015, orig. proceeding) (*citing Walker*, 827 S.W.2d at 840).

When granting a protective order, the trial judge may exercise some discretion, but that discretion is not without bounds. *In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). Asserting that the trial subpoena was a discovery subpoena, Appellee brought its motion for protective order under Rule 176.6(e) rather than 176.6(f) and relied on Rule 192.6(b) as the basis for the 429th court's jurisdiction. CR.9 but see CR.47. Rule 192 authorizes a person from whom discovery is sought to move for an order protecting that person from the discovery sought. Tex. R. Civ. P. 192.6(a). Nothing in the record in this case indicates that the trial subpoenas at issue were seeking discovery from the witnesses who were served with trial subpoenas only. CR.47, 53, 59, 64.

Though Rule 192.6 does not apply to trial subpoenas, assuming that trial subpoenas are discovery requests, the party who seeks to limit discovery by asserting a privilege has the burden of proof. *In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 223 *citing Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 648-649 (Tex. 1985). A party asserting privilege in opposition to a claimed discovery request must establish by testimony or affidavit a prima facie case for privilege. *In re National Lloyds Ins. Co.*, 532 S.W.3d 794, 804 (Tex. 2017, orig. proceeding). There is no presumption that documents are privileged. *In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 225.

It is only when a party asserting a privilege has made a prima facie case for its claim that the requesting party has the burden to point out to the court which specific documents or groups of documents it believes require inspection. *In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 226. Even when an affidavit is tendered, it is of no probative value if it merely presents global allegations that documents come within the asserted privilege. *In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 224, *citing Ryals v. Canales*, 767 S.W.2d 226, 229 (Tex. App.— Dallas 1989, orig. proceeding). The party seeking a protective order must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. *In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding).

Even when the appellant "did not object to the lack of evidence in the trial court," it is well-settled that the argument of counsel is not evidence. *Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.). A trial court cannot exercise its discretion in the absence of evidence. *Grass v. Golden*, 153 S.W.3d 659, 663 (Tex. App.—Tyler 2004, orig. proceeding) (a trial court abuses its discretion when it limits discovery in the absence of substantiating evidence in the record).

When the party seeking a protective order fails to specifically show how the parties rights were being invaded, nor to show a particular, specific, and demonstrable injury by <u>facts</u> sufficient to justify a protective order that party fails to meet their burden to establish that a protective order was necessary to provide protection under the provisions of Rule 192.6(b), and a trial court abuses its discretion in granting such a motion for protective order. *In re K.L. & J. Ltd P'ship*, 336 S.W.3d 286, 294 (Tex. App.—San Antonio, 2010) (orig. proceeding).

On the record before this court, there is simply no evidence of a particular, specific and demonstrable injury by facts sufficient to justify a protective order. *In re Collins*, 286 S.W.3d at 919. The AG's opinion letters attached as evidence of a privilege claim is insufficient to make a prima facie claim because it is conclusory and not binding on the court. CR.21-26. An objection that evidence is conclusory is an objection to the substance of the evidence that can be raised for the first time on

appeal. *City of Wilmer v. Laidlaw Waste Sys., Inc.,* 890 S.W.2d 459, 467 (Tex. App.—Dallas 1994), *aff'd,* 904 S.W.2d 656, 660-61 (Tex. 1995).

The 429th Court's sole basis for finding privilege, is those four copies of the AG's letter rulings which constitute conclusory evidence in this matter because, they do not identify the information or records to be withheld, who the requestors are, whether the information or records which is the subject matter of the opinions is the same as the testimony required by the trial subpoena in this case, and expressly issue a caveat that "this letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us, therefore the ruling must not be relied upon as a previous determination regarding any other information or any other circumstances." CR.24, 26; CR.95. Appellees offered no testimony or affidavits to substantiate the AG's rulings in the form of the open records requests referenced therein, a privilege log, or even tender of the documents for in camera inspection by the 429th. CR.7-89, RR, 2RR, 3RR.

With no other evidence before it, the 429th presumed that the AG's limited ruling was evidence that all Collin County law enforcement records are not subject to public release and thus privileged. CR.95(7); *In re E.I. DuPont De Nemours and Co.,* 136 S.W.3d 218, 225 (Tex. 2004, orig. proceeding) (holding that there is no presumption that documents are privileged). This was harmful error because "[p]leading and producing evidence establishing the existence of a privilege is the

burden of the party seeking to avoid discovery," and because the right to evidence is important, "privileges must be strictly construed" hence with argument of counsel and the AG's letter rulings being the only support for the 429th court's finding, there was insufficient evidence on the record to support a finding of privilege. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d at 695 and 698.

In *In re Herman*, the Texas Supreme Court held that the party asserting the privilege needs to produce only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true <u>and</u> tender the documents to the court, at which point the court must conduct an in camera inspection of the documents or information before deciding the question of privilege. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d at 698. Here, the AG's opinion rulings negated the broad privilege ruling of the 429th Court because in each opinion ruling upon which the 429th relied, the AG expressly ordered the release of the basic information pursuant to §552.108(c), Texas Gov't Code making that information not privileged. CR.21, 22; CR.95(7).

The record shows no testimony or affidavit offered to support the claim of privilege and no documents tendered for in camera inspection by the 429th hence Appellees had failed to make a prima facie case for a protective order to be issued on privilege grounds. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d at 698. While the 429th acted differently than other courts in Texas by granting the protective order

based on the presumption that the AG's opinion rulings are binding, "Texas courts generally give due consideration to AG decisions because the Legislature has directed the AG to determine whether records must be disclosed under the Public Information Act, but those opinions are not binding." *Austin Bulldog v. Leffingwell*, 490 S.W.3d 240, 250 (Tex. App.—Austin 2016, no pet.).

The 429th failed to require actual evidence of privilege in the form of affidavits or testimony, at the minimum, along with the open records requests referenced in her finding that would have identified the requested information foreclosed by the AG's opinions, or at least a privilege log identifying the information sought to be withheld along with an in camera inspection of the documents in order to arrive at the conclusion that the information was privileged. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d 686, 698 (Tex. 2015, orig. proceeding) ("[t]he party asserting the privilege must establish by testimony or affidavit a prima facie case for the privilege.").

Even when the appellant "did not object to the lack of evidence in the trial court", it is well-settled that the argument of counsel is not evidence. *Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.). A trial court cannot exercise its discretion in the absence of evidence. *Grass v. Golden*, 153 S.W.3d 659, 663 (Tex. App.—Tyler 2004, orig. proceeding) (a trial court abuses its

discretion when it limits discovery in the absence of substantiating evidence in the record).

Because AG's opinions are not binding on a court and argument of counsel is not evidence, the 429th was still required to receive evidence establishing privilege by affidavit or testimony plus tender of the records for in camera viewing before granting a protective order on grounds of privilege, but the record before this court contains no affidavits or testimony or tender of the records for in camera viewing and leaves the court with no option but to deny the motion for protective order. *In re Memorial Herman Hosp. Sys.*, 464 S.W.3d at 698 and *In re E.I. DuPont De Nemours and Co.*, 136 S.W.3d at 223.

Further, the party seeking a protective order must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. *In re Collins*, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). The record does not contain even a scintilla of evidence to show particular, specific or demonstrable injury sufficient to justify a protective order and there are no findings to that effect hence the 429th abused her discretion by granting the motion for protective order without evidence. *Id.*; and see the CR.1-111. Thus, even without appellant's objection at the 429th Court, appellees, having tendered no evidence to meet their burden of establishing a prima facie case for privilege, the 429th Court abused its discretion by granting the motion for protective order. *In re E.I. DuPont De Nemours*

*and Co.*, 136 S.W.3d at 223; *Grass*, 153 S.W.3d at 663. *City of Wilmer*, 904 S.W.2d at 660-61; CR.21-26, 95(7).

D. THE PROCEDURES UNDER TEX. CIV. PRAC. & REM. CODE. §30.006 DO NOT APPLY TO TRIAL SUBPOENA

Even though trial subpoenas are not limited by the rules governing discovery, the 429th court found that appellant had failed to follow the discovery procedures under Texas Civil Practice and Remedies Code Chapter 30 with no evidence to support the finding and thereby abused its discretion by relying solely on Davis's arguments.[31] Tex. R. Civ. P. 176.3(b); CR.96(8); CR.47. In general, matters of statutory construction are questions of law that appellate courts review de novo. *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 624 (Tex.2011). "Specifically, whether information is subject to the [Public Information] Act and whether an exception to disclosure applies to the information are questions of law." *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex.2000) (plurality op.). The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of a particular privilege. *C.G. Giffin v. The Honorable R.L. Smith*, 688 S.W.2d 112 (Tex.1985). Our primary concern is the express language. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009). We apply the plain meaning of the text unless a

---

[31] CR.11.

different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex.2010).

Applying the plain meaning of the text, with respect to the discovery subpoena requirements claimed by appellees' in Chapter 30, §30.006(c) limits a court in civil matter's ability to order <u>discovery</u> from a nonparty law enforcement agency[32] if the information deals with an investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication <u>and</u> the release of the information would interfere with the detection, investigation, or prosecution of criminal acts. Tex. Civ. Prac. & Rem. Code §30.006(c)(1)(B) and (2).

Applying the plain meaning of the text which uses the conjunctive "and" in this provision, as the party with the burden of proof, a nonparty law enforcement agency that resists discovery hereunder must base the resistance on the two-pronged test by establishing not only that the information or records deal with an investigation that does not result in conviction or deferred adjudication but must also show that the release of the information or records would interfere with the detection, investigation, or prosecution of criminal acts. Tex. Civ. Prac. & Rem. Code §30.006(c)(1)(B) and (2); *C.G. Giffin*, 688 S.W.2d 112.

---

[32] information, records, documents, evidentiary materials, and tangible things

Appellees' motion for protective order does not even pretend to meet the two-pronged test and only relies on the first prong, to wit, an investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication. CR.11; *C.G. Giffin*, 688 S.W.2d 112. Even though the entire provision is set out in the motion for protective order, appellee's counsel does not even argue that the release of the information or records would interfere with the detection, investigation, or prosecution of criminal acts. CR.11; Tex. Civ. Prac. & Rem. Code §30.006(c)(2).

Having failed to meet this threshold requirement for resisting discovery under §30.006(c) which would have triggered the need for a party seeking discovery by subpoena pursuant to Tex. R. Civ. P. 176.3(b) to move for a discovery order to issue under §30.006(d), §30.006(c) does not apply to these proceedings. Tex. Civ. Prac. & Rem. Code; *C.G. Giffin*, 688 S.W.2d 112. This is more so, when the trial subpoenas issued in this case are not discovery subpoenas and therefore not limited by the rules governing discovery. Tex. R. Civ. P. 176.3(b).

Davis's assertion in the heading that "Section 30.006(c) precludes Subpoena is unsubstantiated even in the motion and was merely a misleading label. CR.11. Davis argued, that by improper use of a Subpoena, appellant seeks through witness testimony release of records without complying with §30.006(d) procedures[33]

---

[33] CR.11, citing Tex. Civ. Prac. & Rem. Code §30.006.

disregarding the facts that (1) appellant is not a party and does not seek witness testimony and (2) the subpoenas at issue in this case are trial subpoenas which are not subject to the rules governing discovery like discovery subpoenas. Tex. R. Civ. P. 176.3(b).

Since (1) appellant is not a party, (2) the trial subpoenas are not discovery subpoena issued during discovery, (3) appellees failed to meet their burdens under the two-pronged test in Tex. Civ. Prac. & Rem. Code §30.006(c), the procedures under §30.006(d) do not apply to appellant and do not apply to trial subpoenas pursuant to Tex. R. Civ. P. 176.3(b), and the 429th abused its discretion by finding that appellant, rather than the party, failed to follow the procedures under Chapter 30, Tex. Civ. Prac. & Rem. Code. CR.96(8).

### E. THERE IS INSUFFICIENT EVIDENCE ON THE RECORD TO SUPPORT THE FINDING OF UNDUE BURDEN, EXPENSE AND HARASSMENT

The 429th abused its discretion by finding that appellant, who is not a party, did not take reasonable steps to avoid imposing undue burden or expense on the officers when there is no evidence on the record to support the finding. CR.96(9); R.176.7. When granting a protective order, the trial judge may exercise some discretion, but that discretion is not without bounds. *In re Collins*, 286 S.W.3d at 919.

Rule 176 requires *a party*, causing a subpoena to issue to take reasonable steps to avoid imposing undue burden or expense on the person served. Tex. R. Civ. P. R.

176.7. In ruling on a motion for protective order, the court must provide a person served with subpoena an adequate time for compliance, protection from disclosure of privileged material or information, and protection from undue burden or expense. *Id.* The Court may impose reasonable conditions on compliance with a subpoena, including compensating the witness for undue hardship. *Id.* However, "[a] party seeking a protective order `must show particular, specific and demonstrable injury by facts sufficient to justify a protective order." *In re Collins*, 286 S.W.3d at 919 (*quoting Masinga v. Whittington*, 792 S.W.2d 940, 940 (Tex. 1990)).

Citing Tex. R. Civ. P. 176.7, Davis asserted without any evidence that the issuance of the four trial subpoenas was an "ongoing request to essentially continue to harass Collin County law enforcement officers…for information [albeit through the testimony of four Law Enforcement Officers] which the AG has repeatedly advised is not subject to public disclosure." CR.8. Davis then concluded that the four trial subpoenas should be quashed, a protective order issue and Collin County reimbursed for its attorney's fees and costs associated with the instant motion. CR.8. Later on, in the same motion, Davis then asserted that because Tex. R. Civ. P. 192.6(b) cited in 176.6(e) entitled the court to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, movants were entitled to have a Protective Order be issued so that they are not harassed or annoyed by subpoenas seeking to force

them to appear in Dallas County, disclose privileged law enforcement information and also subject them to unnecessary disruption from their duties. CR.13-14.

However, no affidavit was attached to the motion showing how the trial subpoenas were unduly burdensome, or how they caused unnecessary expense, harassment, annoyance, or invasion of personal constitutional, or property rights. CR.7-74; but see *In re Collins*, 286 S.W.3d at 919 ("[a] party seeking a protective order `must show particular, specific and demonstrable injury by facts sufficient to justify a protective order.").

At the hearing, no testimony was introduced showing how the trial subpoenas were unduly burdensome, or how they caused unnecessary expense, harassment, annoyance, or invasion of personal constitutional, or property rights. See Reporter's entire record, showing no factual testimony or tender; *In re Collins*, 286 S.W.3d at 919. Thus, even when as here, the appellant "did not object to the lack of evidence in the trial court", it is well-settled that the argument of counsel is not evidence. *Grant v. Espiritu*, 470 S.W.3d 198, 203 (Tex. App.—El Paso 2015, no pet.). A trial court cannot exercise its discretion in the absence of evidence. *Grass v. Golden*, 153 S.W.3d 659, 663 (Tex. App.—Tyler 2004, orig. proceeding). In *In re Berrenberg*, the appellate court was faced with a record devoid of evidence of undue hardship during the Covid19 pandemic and held that the trial court erred in reaching the conclusion without evidence on the record, that travelling for a deposition would

impose undue hardship on the movant. *In re Berrenberg*, 605 S.W.3d 922, 927 (Tex. App.—El Paso 2020, orig. proceeding) (holding that "based on the record before us, there is insufficient evidence to support a finding of undue hardship or unnecessary expense for the deposition of Real Party in Interest to take place outside of the county of suit).

Similarly, in *In re Wal-Mart Stores, Inc., the appellate court found that* Wal–Mart did not present evidence establishing a particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 636-37 (Tex. App.—El Paso, 2016)(orig. proceeding) (holding that because Wal–Mart failed to meet its burden of establishing that a protective order was necessary, the trial court did not abuse its discretion by denying the request for a protective order); and see *In re K.L. & J. Ltd. Partnership*, 336 S.W.3d at 293 (holding that a trial court abused its discretion by granting the motion for protective order where the party failed to make the required showing in the trial court).

Without evidence of the alleged undue burden, unnecessary expense, harassment, annoyance, or invasion of personal constitutional, or property rights on the record, the 429th abused its discretion in finding that appellant did not take reasonable steps to avoid imposing undue burden or expense and the protective order should be reversed on this ground. *In re Collins*, 286 S.W.3d at 919; *In re*

*Berrenberg*, 605 S.W.3d at 927; *In re Wal-Mart Stores, Inc.*, 545 S.W.3d at 636-37; and *In re K.L. & J. Ltd. Partnership*, 336 S.W.3d at 293.

## PART II:   THE ORDER FOR SANCTIONS IS UNWARRANTED

## A. STANDARD OF REVIEW

Appellate courts review a trial court's sanctions order for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). A trial court abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable. *Id.* Although appellate courts view conflicting evidence favorably to the court's decision, the appellate court is not bound by the trial court's findings or conclusions of law and must review the entire record independently to determine whether the trial court abused its discretion. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). A decision lacking factual support is arbitrary and unreasonable and must be set aside. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997).

## B. NO STATUTE OR RULE PERMITS THE RECOVERY OF ATTORNEY'S FEES IN THIS CASE

Texas follows the "American Rule," which requires each party to pay its own attorneys' fees unless recovery is authorized by statute or contract. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484-85 (Tex. 2019). Collin County was not entitled to seek an award of attorneys' fees under Rule 192.6(b) because it is not a party to the suit at the 193rd or the 429th and because rule

192.6(b) does not expressly authorize an attorneys' fees award to anyone. *Rohrmoos Venture*, 578 S.W.3d at 484-85. In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *Dallas Central Appraisal Dist. v. Seven Investment Co.,* 835 S.W.2d 75, 77 (Tex.1992); *New Amsterdam Cas. Co. v. Texas Indus.,* 414 S.W.2d 914, 915 (Tex.1967). The authorization of attorney's fees in civil cases may not be inferred; rather it "must be provided for by the express terms of the statute in question." *First City Bank—Farmers Branch v. Guex,* 677 S.W.2d 25, 30 (Tex.1984).

Even when fee shifting statutes apply, they are strictly construed. *Knebel v. Capital Nat'l Bank in Austin*, 518 S.W.2d 795, 804 (Tex. 1974) (*citing Van Zandt v. Fort Worth Press*, 359 S.W.2d 893 (Tex. 1962) ("Statutory provisions for the recovery of attorney's fees are in derogation of the common law, are penal in nature and must be strictly construed"). There is no statute which authorizes recovery of attorney's fees under the circumstances of this case. See Rule 192.6 (b); CR.14. Thus, were the subpoenas in question discovery subpoenas instead of trial subpoenas, while Rule 192.6(b) would permit a court to issue an order that discovery not be sought in whole or in part, be limited, not be undertaken at a time or place specified, by such method and circumstances as the court sets amongst other

possibilities, it does not permit the court to award attorney's fees. Tex. R. Civ. P. R. 192.6(b)(1)-(5).

Appellees were not entitled to seek attorney's fees under Rule 192.6(b) because Texas follows the "American Rule," which requires each party to pay its own attorneys' fees unless recovery is authorized by statute or contract, and Rule 192.6(b) does not expressly authorize the award of attorney's fees. *Rohrmoos Venture*, 578 S.W.3d at 484-85.

## C. NO EVIDENCE OF BAD FAITH AND SIGNIFICANT INTEFERENCE WITH A CORE JUDICIAL FUNCTION OF THE COURT

Appellant did not engage in any conduct in bad faith that significantly interfered with a core judicial function of the 429th Court. "Various rules and statutes imbue courts with authority to sanction attorneys" and parties. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717–18 (Tex. 2020). "A court's inherent authority includes the 'power to discipline an attorney's behavior." *Id.* at 718 (*quoting In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997)). The inherent authority to sanction is not boundless and is limited by due process, so sanctions must be just and not excessive. *In re Bennett*, 960 S.W.2d at 40.

Because inherent powers are shielded from direct democratic controls, and because of their very potency, inherent powers must be exercised with restraint, discretion, and great caution. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 717–18 *citing Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980); *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44 (1991) *Chambers*, 501 U.S. at 43. To that end, invocation of the court's inherent power to sanction necessitates a finding of bad faith. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 717–18 *citing Roadway Exp.*, 447 U.S. at 767.

With the understanding that inherent powers must be used sparingly, appellate courts have consistently held that a court's inherent power to sanction "exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process." *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179 (Tex. App.—Texarkana 2011, no pet.); *McWhorter v. Sheller*, 993 S.W.2d 781 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Kutch v. Del Mar Coll.*, 831 S.W.2d 506, 510 (Tex. App.—Corpus Christi 1992, no writ).

Some courts have further articulated, as an additional requirement, that the conduct complained of significantly interfered with the court's legitimate exercise of one of its traditional core functions. *Kennedy v. Kennedy*, 125 S.W.3d 14, 19 (Tex. App.—Austin 2002, pet. denied) (party's actions subjected her to contempt of court but not sanctions under a statute or rule, or even under the court's inherent power to sanction for abuse of the judicial process, which requires evidence and findings of significant interference with core judicial functions (*citing Kutch*, 831 S.W.2d 506,

510 (Tex. App.—Corpus Christi 1992, no writ), which articulates bad faith as a predicate to inherent-authority sanctions)).

"Bad faith" includes "conscious doing of a wrong for a dishonest, discriminatory, or malicious purpose." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 717–18 *citing* ; *Zuehl Land Dev., LLC v. Zuehl Airport Flying Cmty. Owners Ass'n, Inc.*, 510 S.W.3d 41, 53 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Robson v. Gilbreath*, 267 S.W.3d 401, 407 (Tex. App.—Austin 2008, pet. denied). Errors in judgment, lack of diligence, unreasonableness, negligence or even gross negligence—without more—do not equate to bad faith. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 718-19. Improper motive, not perfection is the touchstone. *Zuehl Land Dev., LLC*, 510 S.W.3d at 54; *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d at 194; *Cosgrove v. Grimes*, 774 S.W.2d 662, 664-65 (Tex. 1989) (good-faith defense to a legal malpractice action is governed by an objective inquiry: "An attorney who makes a reasonable decision in the handling of a case may not be held liable if the decision later proves to be imperfect.").

A case illustrative of bad faith is the attorney misconduct in *In re Bennet*, which involved an attorney's plan to deliberately circumvent rules implementing random assignment of cases in the district courts. 960 S.W.2d 35, 36-37 (Tex. 1997). The attorney sequentially filed seventeen lawsuits with the same factual allegations and the same legal claims against the same defendants, but with different plaintiff

groups receiving random assignments, and each time, instructing the clerk of court not to prepare citation for the first sixteen filings. *Id.* Mere hours after securing assignment to a particular judge for the seventeenth lawsuit, plaintiffs' counsel amended the petition in that case to add approximately seven hundred plaintiffs and then attempted to nonsuit the sixteen previously filed lawsuits. *Id.*

The court that was first randomly assigned sanctioned plaintiffs' counsel for knowingly and intentionally violating rules providing for random assignment under the court's inherent jurisdiction upon Plaintiffs' counsel admitting to gaming the system to ensure assignment to a particular court when such activities were expressly prohibited. *Id.* Counsel's conduct in *In re Bennett* was a clear abuse of the process of random assignment of cases which, if tolerated, breeds disrespect for and threatens the integrity of the judicial system. *Id.*

Thus, the decision to impose sanctions involves two distinct determinations: (1) whether conduct is sanctionable and (2) what sanction to impose. *In re Bennett*, 960 S.W.2d 35, 39 (Tex. 1997) (sanctioning counsel requires the court to determine whether the attorney has abused the judicial process and what sanction is appropriate). An error, without more, is no evidence of improper motive, unless the conduct could not have occurred without conscious wrongdoing. *McWhorter v. Sheller*, 993 S.W.2d 781 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *Onwuteaka v. Gill*, 908 S.W.2d at 280 (Tex. App.—Houston [1st Dist.] 1995, no

writ). While the absence of authoritative guidance is not a license to act with impunity, bad faith is required to impose sanctions under the court's inherent authority. *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997).

A court cannot invoke its inherent power to sanction without some evidence and factual finding that the conduct complained of <u>significantly</u> interfered with the court's legitimate exercise of one of its traditional core functions. *Kennedy v. Kennedy*, 125 S.W.3d at 19. A decision lacking factual support is arbitrary and unreasonable and must be set aside. *Goode*, 943 S.W.2d at 446.

In this case, the 429th Court invoked its inherent jurisdiction against appellant for allegedly engaging in "a series of behavior constituting bad faith abuse of the judicial process and interference with the Court's traditional core functions." CR.96 (14). The first behavior in question is that Appellant allegedly "sought to subjugate and thwart" the 429th Court's jurisdiction and authority over the pending motion for protective order which the Browns dispute because the subpoena in question are trial subpoenas which the Browns believe falls within the jurisdiction of the 193rd Court and not the 429th pursuant to Tex. R. Civ. P. 176.6(f) when read in conjunction with Rule 176.6(a). CR.96 (14); CR.42-70. There is, however, no actual evidence of an attempt to subjugate and thwart the 429th Court's jurisdiction rather, there was a genuine conflict between the 193rd Court's jurisdiction and the 429th Court's jurisdiction based on the reading of Rules 176.6(a), 176.6(f) and 176.8, and

appellant, appearing before the 429th Court could have waived the jurisdictional issues being asserted by the Browns, for whom appellant is an advocate and not a party. Tex. R. Civ. P. *Cosgrove v. Grimes*, 774 S.W.2d at 664-65; *Dike*, 343 S.W.3d at 191. Further, there is no evidence of bad faith abuse of the judicial process by appellant and no evidence that the dispute in jurisdiction between the 193rd Court and the 429th Court significantly interfered with the 429th court's traditional core functions. *Kennedy*, 125 S.W.3d at 19.

The second allegation is that appellant attempted to serve movants with new subpoenas when there was a pending Motion to Quash and for Protective Order in the 429th Court yet other than argument of counsel and counsel's self-serving emails, there is no evidence on record of any attempt to serve any new subpoenas. CR.96(14)(1); but see CR.27-74 (showing no new subpoenas or affidavits confirming attempts to be served with new subpoenas). Even though the court received no evidence or factual support for this allegation, the court sanctioned appellant for the conduct anyway under the court's inherent jurisdiction. *Goode*, 943 S.W.2d at 446.

The third allegation is that between opposing attorneys feuding over the jurisdictional issue of whether the 429th has jurisdiction or the 193rd, Davis implied that only an order of the 429th court would make them comply with the trial subpoenas hence appellant's informing Davis that there was no protective order yet

and that disobedience of a motion to compel "may" result in the officers being escorted into court by court order was presented to the 429th Court to skew[34] that court's view of appellant and formed the basis for the sanctions. CR.79. This is especially so, when trial subpoenas carry the warning required by Rule 176.8(a) on the face of each subpoena per Rule 176.1(g), Tex. R. Civ. P. CR.79. There is no evidence of bad faith abuse of the judicial process that significantly interfered with the 429th Court's jurisdiction and no sanctionable conduct on appellant's part. CR.79. *Kennedy*, 125 S.W.3d at 19.

The fourth allegation is that appellant's allegedly filing a Motion to Compel movants in the Dallas District Court, which is the trial court, despite the 429th's alleged jurisdiction over the Trial Subpoenas served in Collin County was an attempt to subjugate and thwart the 429th Court's jurisdiction when, Appellant, not being a party, acts only as advocate for the Browns and showed no bad faith in following Rule 176.8, Rule 176.6(f) and Rule 176.6(a), which read together justifies the Browns claim that the court with jurisdiction over the trial subpoenas is the 193rd Court and not the 429th. CR.42-44. With this genuine dispute about which court has jurisdiction over trial subpoenas, appellant did not engage in any bad faith conduct in representing the Browns by filing the Browns' Motion to Compel at the 193rd as

---

[34] Appellees initially alleged without testimony or affidavits that appellant violated the no contact rule but dropped that claim in the Judgment signed by the 429th. CR.28.

the issuing trial court. *Cosgrove v. Grimes*, 774 S.W.2d at 664-65. And there is no evidence of significant interference with any traditional core functions of the 429th Court. *Kennedy*, 125 S.W.3d at 19. Further, filing one Motion to Compel in the actual trial court for the case cannot come remotely close to being called bad faith significant interference with any traditional core judicial functions of any court especially when there is a genuine dispute about which court has jurisdiction over the trial subpoenas. *In re Bennet*, 960 S.W.2d at 36-37.

The fifth allegation is that appellant was disingenuous and dilatory in her service of her Motion to compel when appellant is not the party and does not have a motion to compel as that claim belongs to the Browns as the parties. CR.96(14). The alleged claim of appellant being disingenuous and dilatory in serving the Browns' Motion to Compel is that appellant allegedly "represented in the *Certificate of Conference* that appellant served a copy of the same on the undersigned that same day" but did not. CR.30 And that it was not until December 1, 2024, that the "undersigned" received courtesy notification of the motion being filed. CR.30. The Motion to Compel, however, does not contain a *Certificate of Conference* at all hence the allegation was not supported by the record. CR.45.

If appellee was referring to the Certificate of Service, it asserts "simultaneous efile.texascourts.gov e-service upon filing" and not that the undersigned was served the same day. CR.45. The Courtesy Notification shows that the document was Efiled

and Eserved on 11/28/2024 at 5:39AM. Since appellant does not work for the efiletexas.gov efile system, and since appellee does not represent a party at the 193rd, appellant has no knowledge or control over how or when an original submission is received or when a file stamped copy, such as here, is sent to the parties and nonparties. CR.71. In essence, there was no bad faith conduct and no attempt to be disingenuous and dilatory in any service, because if anything, the fact that the Courtesy Notification reached appellee's counsel is proof that there was no improper motive. *Zuehl*, 510 S.W.3d at 54; *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 194 (Tex. App.—Texarkana 2011, no pet.); *Robson*, 267 S.W.3d at 407.

Interestingly, Rule 176.6(e) on which appellee's counsel relies in filing the Motion for Protective Order and Supplement requires service on all parties in accordance with Rule 21a. Tex. R. Civ. P. However, when Davis filed the Supplement to Motion to Quash Subpoenas and Request for Issuance of Protective Order, only appellant was served. CR.74. Davis's error in claiming that the Certificate of Conference contained a false representation when it does not, Davis's failure to serve all parties with the Supplement to the Motion for protective Order in violation of the express requirement of Tex. R. Civ. P. 176.6(e), and notably Davis's failure to tender any evidence to support the motion for protective order did not trigger the 429th to sanction Davis for bad faith abuse of the judicial process and

interference with its traditional core functions. CR.28, 45, 74 and see CR.7-26 and 27-74 (showing no evidence to support any protective order issues).

No Show Cause Order was issued to compel appellant's appearance and no email on the record showing impropriety in being sent to the court, without which this court cannot determine the impropriety in doing a bad faith and significant interference analysis. CR.95(5)-(6). Non-appearance, to avoid waiving the Browns' jurisdiction exception, may be construed as an error in judgment but it was not in bad faith. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 718-19.

Because errors in judgment, lack of diligence, unreasonableness, negligence, or even gross negligence—without more—do not equate to bad faith, the unsubstantiated findings of bad faith conduct of which appellant is accused are insufficient to support the Sanctions against appellant and should be reversed. *Id*.

## CONCLUSION

In conclusion, the judgment of the trial court should be reversed and the 193rd Court declared the court with jurisdiction over the trial subpoenas issued from the 193rd Court pursuant to Tex. R. Civ. P. 176.6(f).

## PRAYER

Appellant prays that this Court reverse the entire judgment of the 429th Court and declare the 193rd Court, the court with jurisdiction over the trial subpoenas for the case pending at the 193rd Court.

Respectfully submitted,

**U. A. C. OFFOBOCHE LAW FIRM**

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche
State Bar No. 24068619
675 Town Square Blvd., Bldg. 1A, Ste. 200,
Garland, TX 75040
Ph: 469-315-0358
Fax: 214-853-5708
ugy@uacoffobochelaw.com
**PRO SE ATTORNEY APPELLANT**

# CERTIFICATES

a. <u>Certificate of Compliance</u>

I, the undersigned attorney, do hereby certify that the brief herein does exceed the 15,000 word limit of Rule 9.4, T.R.A.P. by 123 words, relying on the word count of Microsoft 365, this brief contains 15,123 computer generated words, not including the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, statement regarding oral argument, issues presented, signature, proof of service, certificate of compliance, and certificate of service. Leave was earlier granted to file 111 excess words. The text in the body of the brief is a 14-point font, and the footnotes are in 12-point font.

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche

b. <u>Certificate of Service</u>

I certify that on September 9, 2025, I served a true and correct copy of above and foregoing on all counsel of record for appellees via simultaneous efiletexas.org eservice upon filing including on:

Robert J. Davis
bdavis@mssattorneys.com
and
Kyle T. Barry
kbarry@mssattorneys.com
**Counsel for Appellees**

/s/ Ugalahi Agbo Claire Offoboche
Ugalahi Agbo Claire Offoboche

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ugalahi Offoboche
Bar No. 24068619
ugy@uacoffobochelaw.com
Envelope ID: 105475226
Filing Code Description: Motion
Filing Description: Motion for Five Days Extension to complete and file Reply Brief and for Leave to file corrected brief
Status as of 9/11/2025 7:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ugalahi UgyOffoboche | | ugy@uacoffobochelaw.com | 9/10/2025 10:07:26 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/10/2025 10:07:26 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/10/2025 10:07:26 PM | SENT |
| Robert J.Davis | | bdavis@mssattorneys.com | 9/10/2025 10:07:26 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 9/10/2025 10:07:26 PM | SENT |
| Kyle T.Barry | | kbarry@mssattorneys.com | 9/10/2025 10:07:26 PM | SENT |